ROLLIN H. PHELPS *vs.* INHABITANTS OF WESTFORD.

Middlesex. Jan. 25. — March 5, 1878.

In an action under the Gen. Sts. *c.* 70, § 16, by a physician against a town, for medical attendance furnished a pauper therein, it appeared that the plaintiff notified the overseers of the poor that the pauper was ill, that he had been called to attend him, and should look to the town for his pay; that one of the overseers, upon the day he received the notice, made arrangements with another physician to attend the pauper; that immediately after he called on the pauper and informed him of this arrangement, and that he could not provide him with the services of the plaintiff; that the pauper replied, " he did not blame the overseer; that he was then better and did not need a physician; that, if he did, he would send by one of his children for the physician named by the overseer;" that the overseer then communicated this to the physician whom he had secured, who promised to attend the pauper in case he was sent for; that he was not called, and no other physician went, or was called or sent, to attend the pauper; that the plaintiff, after the overseer had received the notice, met the latter at the pauper's house, and told him that the pauper was in need of the constant attendance of a physician; that the overseer replied that he had engaged a physician to attend him, and the plaintiff answered that he should attend him until another physician came; and that the plaintiff delayed his next visit to give another physician an opportunity to attend the pauper, and, finding that none did so, continued to attend him. The judge trying the case without a jury found as a fact that, notwithstanding the statement of the pauper, who was over eighty years of age, he was in need of the daily attendance of a physician, and that upon the evidence the plaintiff was entitled to recover, and ordered judgment for him. *Held,* that the plaintiff, having rendered his services with knowledge that other and proper relief had been provided by the overseers, must be deemed to have rendered them voluntarily, and could not recover.

CONTRACT under the Gen. Sts. *c.* 70, § 16, upon an account annexed, for medical attendance and medicines furnished Jacob Reed, a pauper, in the defendant town. Trial in the Superior Court, without a jury, before *Pitman*, J., who found the following facts:

The plaintiff was a physician, and was called to attend Reed, who was a pauper, and in actual distress in the defendant town, needing immediate medical attendance. The plaintiff sent to the overseers of the poor of the defendant town a notice that Reed was ill, that he had been called to attend him and should look to the town for his pay. The chairman of the board of overseers of the town, upon the day he received the notice, made an arrangement with another physician to attend Reed and immediately after, during the same day, called on Reed and

told him of this arrangement, and that he could not provide him with the services of the plaintiff, and Reed said "he did not blame the overseer; that he was then better and did not need a physician; that, if he did, he would send by one of his children for the physician named by the overseer." The overseer then returned and communicated this to the physician whom he had secured, who promised to attend Reed in case he was sent for, and would have attended him had he been called; but he was not called, and no other physician went, or was called or sent to attend Reed. The plaintiff, on the day the notice was received by the overseer, and after its receipt by him, met him at the house of Reed, where the overseer had come on account of the notice, and he then told the overseer that Reed was in need of constant attendance of a physician, and the overseer replied that he had engaged a physician to attend him, and the plaintiff answered that he should attend him until another physician came. The plaintiff delayed his next visit to give another physician an opportunity to attend Reed, but, finding that none did so, he continued to attend him. Notwithstanding the above declaration of Reed, who was over eighty years of age, he was in fact in continual need of the daily attendance of a physician. The plaintiff furnished the medicine charged in his account, and the same, and also his services, were worth the prices charged.

Upon these facts, the judge ruled that the plaintiff was entitled to recover of the defendant town for his services and medicine furnished Reed after notice; and ordered judgment for the plaintiff. The defendant alleged exceptions.

*J. N. Marshall & M. L. Hamblet*, for the defendant.

*G. Stevens & C. H. Conant*, for the plaintiff.

LORD, J. The plaintiff's claim is founded upon the Gen. Sts. *c.* 70, § 16, which provide that "every city and town shall be held to pay any expense necessarily incurred for the relief of a pauper therein by any person who is not liable by law for his support, after notice and request made to the overseers thereof, and until provision is made by them."

The decision of this case turns upon the construction of that phrase of the statute, "until provision is made by them." Were these services rendered after notice, and before provision was made by the public authorities?

The facts find that the first thing done after notice, assuming such notice to be sufficient, was this : The chairman of the overseers of the poor, on the day that he received the notice, made an arrangement with another physician to attend the pauper, and immediately thereafter on the same day called on the pauper, and told him of the arrangement, and that he could not provide him with the services of the plaintiff. The pauper said that "he was then better, and did not need a physician; that, if he did, he would send by one of his children to the physician named by the overseer." The overseer communicated this to the physician whom he had engaged, and he promised to attend the pauper, in case he was sent for. The court found as a fact that such physician would have attended him, if called for. The question is, Was provision made for the pauper? A town is under no obligation to a pauper to provide for him a physician of his own choice. If it were, the remark of the pauper, when informed by the overseer that he could not employ the plaintiff, "that he did not blame the overseer," would have no tendency to show that the pauper especially desired the plaintiff's services. Under the circumstances of the case, it is difficult to see what could be done by way of provision, which was not done. Assuming that by reason of age the pauper did not understand his own necessities, he was still surrounded by his family who would be presumed to understand his wants, as appears by his remark to the overseer, "that, if he needed a physician, he would send by one of his children for the physician named by the overseer."

The plaintiff knew of this arrangement; he knew a physician had been engaged ; he knew that physician was to be sent for if the pauper needed him. Certainly, with such knowledge, good faith required of the plaintiff at least a new notice to the town that the arrangement, which had been entered into by the overseer of the poor in the discharge of his duty, and in the belief that he had fully-secured all proper relief to the pauper, had miscarried, and that the pauper was again in immediate need of relief. The services therefore having been rendered with full knowledge that other and proper relief had been provided by the officers of the town, the plaintiff must be considered to have performed the services voluntarily, and with no claim upon the town.          *Exceptions sustained.*