MARGARET SULLIVAN

*vs.*

CITY OF LEWISTON.

Androscoggin.    Opinion June 3, 1899.

*Paupers. Support by Inhabitant. Notice. R. S., c. 24, § 43.*
*Lewiston City Ordinance.*

The notice and request to overseers required by the statute to authorize an inhabitant of a town or city to recover expenses necessarily expended for the relief of a pauper in such town or city, may, in the city of Lewiston, be given to the clerk or agent of the overseers; an ordinance of the city providing that its overseers may appoint "a clerk or agent" to act for them under their direction and approval.

ON EXCEPTIONS AND MOTION BY DEFENDANT.

This was an action brought by Margaret Sullivan to recover from the city of Lewiston the sum of $821 for board, care and nursing of her brother, Daniel McCarty, from November 3, 1891, to February 3, 1894, 821 days at $1 per day.  At the trial at the April term in Androscoggin county, however, the plaintiff admitted her inability to prove the required notice upon the overseers of the poor prior to May 31, 1892, and made no claim to recover from November 3, 1891, to that date.  The verdict was for the plaintiff, damages being assessed at $413.87, and the defendant sought for a new trial on the customary grounds.

*Ralph W. Crockett,* for plaintiff.

*John L. Reade,* city solicitor, for defendant.

SITTING:  PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

PETERS, C. J.    This is an action brought by one of its inhabitants against the city of Lewiston under this statutory provision: "Towns shall pay expenses necessarily incurred for the relief of paupers by an inhabitant not liable for their support, after notice

and request to the overseers, until provision is made for them." A question arose at the trial whether notice to a clerk or agent of the overseers is a notice to the overseers themselves. We think so, in all cases where the municipality authorizes the overseers to employ a clerk or agent at its expense, and clothes him with such ministerial functions as did the city of Lewiston in the present case. Chapter 14 of the revised ordinances of the city, sec. 1, reads thus: "The mayor and aldermen shall constitute the overseers of the poor and as such shall have the right to appoint a clerk or agent to act for, and under the direction and approval of said overseers; and said clerk or agent shall receive such compensation for his services as the city council shall prescribe." Section two of the same chapter provides that such agent or clerk shall be sworn, keep a fair and intelligent record of the doings of the board, and perform generally such services as in the line of their duties they might impose on him. He was habitually in attendance at their office and they were rarely there except at stated meetings. Their own convenience as well as that of the public was better served by communicating notices to them through one who was their agent as well as clerk.

The verdict is manifestly too large. The plaintiff is entitled to compensation for her services in the case of her sick brother for, as nearly as may be reckoned, ninety-two days, although she performed similar services for a previous period for which she cannot recover for failure of giving seasonable and necessary notice. A calculation based on the different votes of the city and the admissions of the plaintiff, after deducting sums already received, will give the plaintiff $162.12, instead of $418.37, the amount of the verdict.

*Exceptions and motion overruled if plaintiff remits as indicated, otherwise motion to be sustained.*