## INHABITANTS OF SOUTH THOMASTON

### *vs.*

## INHABITANTS OF FRIENDSHIP.

### Knox.    Opinion April 1, 1901.

*Paupers. Home. Practice. Amendment. Rule V. R. S., c. 82, § 10.*

In an action by one town against another to recover for supplies furnished one Watson and family, a pauper whose settlement was alleged to be in the defendant town, the declaration averred, "that on the first day of February, A. D. 1895, said Watson, and with him his family, had and ever since has had his lawful settlement in the town of Friendship; that on the first day of February aforesaid, the said Watson, so having his settlement in said town of Friendship, was found in said town of South Thomaston destitute and on account of poverty in need of relief, and, being so found, the overseers of the poor of said town of South Thomaston relieved said Watson and his said family, by then and there, and thence to the day of the date of this writ furnishing and providing them with sufficient board, etc., mentioned in the account annexed to the writ; and within three months next after the furnishing the said supplies, to wit on the                day of                A. D. 1896, the overseers of South Thomaston sent a written notice signed by them to the overseers of the poor of the town of Friendship stating therein the facts."

The presiding justice allowed the plaintiff to amend the declaration by inserting after the words "and on the first day of February aforesaid," the words, "and on sundry days subsequent thereto;" and by inserting after the clause, "and the plaintiff avers that within three months next after the furnishing of supplies aforesaid," the words, "and on the 9th day of April, 1897;" and by striking out at said place the words "on the                day of A. D. 1896."

*Held;* That said amendments were properly allowed in the discretion of the court.

A plaintiff may be allowed, in the discretion of the court, to amend his declaration by striking out any portion of the claim sued.

It is not necessary in order to retain his legal home in a town that a person should at all times have some house or building, or room, to which he has a right to go.

The defendant requested the presiding justice to instruct the jury that a home once established continues until the person departs with an intention to abandon such home. The presiding justice did not give the instruction as

requested, but instructed the jury that to break up the continuity of a home it is not necessary that the departure should be with a fixed intention not to return. It is enough if he departs without a fixed intention to return.

*Held;* that the instruction given is correct.

In a pauper suit the burden is upon the party alleging it to prove that the pauper has gained a new settlement by having a home five years consecutively in some other town.

It is possible that a man may so wander around as to lose a home within the legal signification of the word "home" under the pauper statutes.

Exceptions by defendant.   Overruled.

Action for pauper supplies.   The case appears in the opinion.

*C. E. and A. S. Littlefield*, for plaintiff.

*D. N. Mortland and M. A. Johnson; R. I. Thompson, for* defendant.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

FOGLER, J.    This is an action of assumpsit to recover for pauper supplies furnished by the plaintiff town to one Albert Watson and his family, whose pauper settlement is averred by the plaintiff to have been in the defendant town.   The writ is dated February 28, 1898.    The verdict was in favor of the plaintiff town, and the defendants bring the case here upon exceptions to rulings of the presiding justice, allowing certain amendments to the declaration, and to instructions of the presiding justice, and to his refusal to give requested instructions upon points involving the settlement of the pauper.

The declaration, before amendment, averred that on the first day of February, A. D. 1895, said Watson, and with him his family, had and ever since has had his lawful settlement in the town of Friendship; that, on the first day of February, aforesaid, the said Watson, so having his lawful settlement in said town of Friendship, was found in said town of South Thomaston, destitute and on account of poverty in need of relief, and, being so found, the overseers of the poor of said town of South Thomaston relieved the said Watson and his said family by then and there, and from thence to the day of the date of this writ, furnishing and

providing them with sufficient board, etc., mentioned in the account annexed to the writ; and that within three months next after the furnishing the said supplies, to wit, on the            day of       A. D. 1896, the overseers of South Thomaston sent a written notice signed by them to the overseers of the poor of the town of Friendship stating therein the facts, etc. The account annexed to the writ contained items prior to January 11, 1897, and also items furnished on and after said January 11.

The defendants pleaded the general issue and also pleaded the statute of limitations.

The presiding justice, against the defendants' objections allowed the plaintiff to amend the declaration in the following particulars: 1. By inserting after the words, "and on the first day of February aforesaid," the words, "and on sundry days subsequent thereto." 2. By inserting after the clause, "and the plaintiff avers that within three months next after the furnishing of supplies aforesaid," the words, "and on the 9th day of April, 1897;" and by striking out at said place the words, "on the            day of       A. D. 1896." 3. By striking out all the items in the account annexed to the writ of date prior to January 11, 1897.

The exception to the allowance of the amendments can only be sustained by establishing the proposition that they are such amendments as could not be legally authorized by the presiding justice; or, in other words, that it was beyond the power of the judge to grant them under any state of facts. *Ripley* v. *Hebron* 60 Maine, 388.

By R. S., ch. 82, sec. 10: "No process or proceedings in courts of justice shall be abated, arrested or reversed for want of form only, or for circumstantial errors or mistakes which by law are amendable, when the person and case can be rightly understood."

Rule of Court V, provides that amendments in matters of substance, may be made, in the discretion of the court, but no new count, or amendment of a declaration, will be allowed unless it be consistent with the original declaration and for the same cause of action.

The statute above cited, being remedial, has been liberally con-

strued and applied in the furtherance of justice. *Solon* v. *Perry*, 54 Maine, 493.

We now proceed to consider the amendments in the order in which they are above stated.

First. The declaration, as originally framed, alleged that the pauper, Watson, on the first day of February, 1895, had, and ever since has had his lawful settlement in the town of Friendship, and that said Watson, being found in South Thomaston destitute and in need of relief on the first day of February, 1895, the overseers of the poor of said South Thomaston then and there, and from thence to the day of the date of this writ supplied him with proper board, etc., mentioned in the account annexed to the writ, the amount remaining unpaid being $125.43. We think this a sufficient allegation that the pauper had his lawful settlement in the defendant town during all the time from the first day of February, 1895, to the day of the date of the writ, and that during all that time he was supplied by the plaintiff town. The amendment inserting, "and on sundry days subsequent thereto," does not enlarge the plaintiff's claim, for the account annexed in which the items sued for are specifically stated, still remains a part of the declaration. Without the amendment the plaintiff could recover, the other necessary facts being proved, all expenses incurred in the relief of the pauper within the statute of limitations. The amendment gives the plaintiff no greater or additional right of recovery.

In *Ripley* v. *Hebron*, 60 Maine, 379, the declaration alleged that the pauper fell into distress in the plaintiff town on December 2, 1868, and that the plaintiffs furnished him with supplies from that time to November 24, 1869, to the amount of $469, an amendment was allowed by substituting 1867 for 1868. This court overruled exceptions to the allowance of the amendment.

In the opinion it is said: "The action is assumpsit on an implied contract. . . . . Time is not essential, provided it is within the statute of limitations applicable to such a case. . . . . If the time is not material within this law, the amendment could be allowed, although not absolutely necessary." Referring to the

objection that the amendment enlarged the claim, as stated origin-
ally in the writ, the court say : "The claim, as stated, is for four
hundred and nineteen dollars, expended for the relief of the pau-
per. No account is annexed and no specification of dates or items.
The claim is not enlarged by the amendment. It still stands for
four hundred and nineteen dollars only. Whether furnished one
year or another, all that can be recovered in this suit is the amount
furnished within the statute of limitations."

Second. The declaration averred that within three months
after the furnishing the supplies, to wit, on the               day of
                A. D. 1896, the overseers of the plaintiff town sent a
written notice to the overseers of the defendant town, stating
therein the facts and a request to remove the paupers. The
plaintiffs were allowed to amend by striking out the words "on
the        day of        A. D. 1896," and inserting in lieu thereof
the words, "and on the 9th day of April, 1897."

As the declaration, before amendment, alleged that such notice
was sent within three months after the furnishing of the supplies,
we think the declaration was sufficient in this respect without the
amendment. It would have been competent for the plaintiff to
prove the date when the notice was sent without specifically
averring the day upon which it was sent. The defendant was not
prejudiced by the amendment, but, on the contrary, was apprised
thereby of the precise date when the plaintiff claimed that the
notice was sent. The amendment is consistent with the original
declaration and alleges no new or additional cause of action.

In *Brewer* v. *East Machias*, 27 Maine, 489, a suit to recover for
pauper supplies, the declaration contained merely a count in indebi-
tatus assumpsit on an account annexed to the writ for supplies
furnished an individual and his family, and an amendment was
allowed, stating in a new count such facts as would render the
defendants liable to pay the expenses for the support of the pau-
pers. A like amendment was sustained in *Solon* v. *Perry*, 54
Maine, 493. In these cases the original averred no notice to the
defendant towns. The new counts inserted by way of amendment
must have contained an averment of notice.

We think the amendment as to date of notice in the case at bar was properly allowed.

Third.    The defendant excepts to the allowance of an amendment by the plaintiffs, striking out all the items in their account annexed to the writ of date prior to January 11th, 1897.

It has been many times held by this court that a plaintiff may be allowed, in the discretion of the court, to amend his declaration by striking out items contained in his account, or any portion of the claim sued.    *Fogg* v. *Greene,* 16 Maine, 282; *Bangor Boom Corp.* v. *Whitney,* 29 Maine, 123; *Towle* v. *Blake,* 38 Maine, 528; *Goodwin* v. *Clark,* 65 Maine, 280; *Soule* v. *Bruce,* 67 Maine, 584.

As to the exceptions to instructions and refusals to instruct:    It was admitted that the pauper, when he became of age, had his pauper settlement in the defendant town by derivation from his father.

The defendants set up that after the pauper, Watson, became of age, he acquired a new settlement in his own right, in the town of Thomaston by having his home in that town for five successive years without receiving pauper supplies, directly or indirectly; and that his settlement at the time when the supplies sued for were furnished, was in Thomaston and not in Friendship.

First.    The defendant's counsel requested the presiding justice to instruct the jury:    "That the statute provides that a person of age, having his home in a town for five successive years, without receiving supplies as a pauper, directly or indirectly, has a settlement therein."    This requested instruction was given by the presiding justice, who said to the jury:    "The settlement of the pauper is the settlement of his father in Friendship, unless he has acquired a home somewhere else upon his own account, which he might do by having a home five consecutive years in some other town in this state."    It is true that the words, "without receiving pauper supplies," etc., were not added to the instruction, but this is not material, as it does not appear in the case that it was claimed that the pauper received pauper supplies during the period in which

the defendants contended that his home was in Thomaston. In any event, the defendants were not prejudiced by the omission, as it excluded an element which if not admitted, the defendants were obliged to prove.

Second. The defendants further requested the presiding justice to instruct the jury that: "A person may have a home and settlement in a town though he may have therein no home to which he may resort or enter of right." The presiding justice instructed the jury upon this point as follows: "It isn't necessary in order to retain his legal home in a town, that he should at all times have some house, or building, or room necessarily to which he has a right to go." This is in substance identical, and in language very similar to the instruction requested.

Third. The defendant's counsel further requested the presiding justice to instruct the jury as follows:

"When a person takes up his abode, or is in a given place without any intention to remove therefrom, such place of abode becomes his place of residence or home, and will continue to be his residence or home notwithstanding temporary personal absences, until he shall depart with an intention to abandon such home.

"Therefore, if you, [the jury] find that as matter of fact, the pauper had his home or domicile in Thomaston, when he became of age, it continued to be there, unless he went to some other town with an intention to break up his home in Thomaston, and establish one somewhere else.

"If, after the pauper was twenty-one years of age, he made his home in Thomaston for five consecutive years, that was his home or settlement, unless during that period, he went to some other town with an intention to change his residence; and if it is claimed that at some time he did so change, the burden is on the party claiming that the pauper so changed his settlement."

The presiding justice did not give such requested instruction in its entirety. He did instruct the jury that, "when a man goes to a place, any place, with the intention of making that his permanent abode, his abode for an indefinite length of time, or when he

goes to a place to abide and has not then an existing intention of removing therefrom, the latter place becomes his abode and his former place, as a home, is lost,"—thus giving the instruction requested as regards the establishment of a home or place of abode.

He did not give the instruction requested, that a home once established continues until the person departs with an intention to abandon such home. On this branch of the cause he instructed the jury, "it is not necessary that the departure should be with a fixed intention not to return. It is enough if he departs without a fixed intention to return. To continue a home while absent from it, there must be at all times an intention to return to it. That is, if at any time during the absence he ceased to intend to return to the place which was formerly his home or place of abode, that is an interruption of the settlement in the former place." There must be a continuing intention for the five years. To this instruction the defendant excepts.

The instruction is in accord with the decisions of this court. *No. Yarmouth* v. *West Gardiner*, 58 Maine, 212; *Hampden* v. *Levant*, 59 Maine, 557; *Ripley* v. *Hebron*, 60 Maine, 379; *Detroit* v. *Palmyra*, 72 Maine, 258.

We are aware that the principles laid down in the cases above cited may appear to be in conflict with earlier decisions of this court; but, as clearly shown in *North Yarmouth* v. *West Gardiner*, supra, by Mr. Justice DANFORTH, whose reasoning we need not here repeat, this conflict is more apparent than real, and on examination disappears.

The presiding justice did not give the instruction requested by the defendant as to the burden of proof, but gave the following instruction to which the defendant excepts: "The burden is upon the defendant town to show that he [the pauper] has gained a settlement somewhere else, by having a home five years consecutively in some other town."

There can be no doubt of the correctness of this instruction. *Bowdoinham* v. *Phippsburg*, 63 Maine, 501; *Ripley* v. *Hebron*, supra; *No. Yarmouth* v. *W. Gardiner*, supra; *Etna* v. *Brewer*, 78 Maine, 377.

In *Ripley* v. *Hebron*, supra, the opinion says: "The party setting up five years continuous residence is bound to prove it. This is undoubted. If, while attempting to prove it, a break in the actual residence is shown, it is for that party to establish such a state of facts as shows that the legal home remained there, notwithstanding the absence. In other words, the party is bound to make out his case, and if obstacles intervene, he is the one to remove them."

The defendant excepts to the following instruction: "It is possible that a man may so wander around as to lose a home, within the legal signification of it, under this statute."

This has been declared to be the law in *Jefferson* v. *Washington*, 19 Maine, 302, and in *North Yarmouth* v. *West Gardiner*, 58 Maine, 214.

Our conclusion is, that none of the defendant's exceptions can be sustained.

*Exceptions overruled.    Judgment on the verdict.*