INHABITANTS OF KNOX *vs.* INHABITANTS OF MONTVILLE.

Waldo.    Opinion March 16, 1904.

*Pauper. Evidence,* Declarations when not res gestae. *R. S. (1883), c. 24.*

The home which a person must have in a town for five successive years to acquire a pauper settlement therein is equivalent to domicil which depends upon residence and intention.

A person's intention can only be shown by his acts and words, but a mere expression of intent disconnected with any relevant circumstances would be too remote to be admissible as evidence.

A pauper's intention is a question of fact. He may testify himself to it, but his declarations to others can only be received in evidence when accompanied by acts which they explain, so that they will be regarded as a part of acts from which his intention may be inferred.

Exceptions by defendant.    Overruled.

Assumpsit for pauper supplies.

The case appears in the opinion.

*C. F. Johnson,* for plaintiff.

*W. P. Thompson and R. F. Dunton,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, JJ.

PEABODY, J.    This is an action brought to recover for pauper supplies, amounting to $327.50, furnished by the plaintiff town of Knox to one James A. Bailey, who, it is claimed, had acquired a pauper settlement in the defendant town of Montville as provided by statute.

The verdict was for the plaintiff.

The case comes to the law court on exceptions filed by the defendant to the ruling of the presiding justice, excluding two questions asked by the defendant's counsel on cross-examination of Mrs. Mamie A. Thompson, a witness called by the plaintiff, namely: "While Mr. Bailey and his wife were stopping at your brother, Burton F.

Foster's, did you hear him say whether or not he intended to return to Bangor?" "While James A. Bailey and his wife were boarding at your house, did you hear James A. Bailey say anything about returning to live in Bangor?"; also to the following ruling of the justice: "I shall limit the testimony to the declarations accompanying the act in coming or going under the decision cited. Now, if she knows what the purpose was, or the declaration of the parties when they came there as a part of the act, I think she may state."

The controversy, as shown by the bill of exceptions, is whether the pauper had abandoned his home in Bangor and intentionally begun to reside in Montville in October, 1879. It appears that at this date he came from Bangor where he stored his goods, to Montville, and boarded with his wife's brother, Burton F. Foster, for about six months, and then boarded with her sister, Mamie A. Thompson, until the spring of 1881 when they moved their household goods from Bangor and commenced keeping house, and continued to reside in Montville until the fall of 1885. If, as claimed by the defendant, the home of the pauper commenced in the spring of 1881, and ended in the fall of 1885, the period would be less than five years.

The answers to the questions excluded, if admissible in evidence, would, it is assumed, tend to prove the time when the pauper's domicil commenced in Montville. The declarations to which the questions related were made while he was boarding in that town.

The case of *Baring* v. *Calais*, 11 Maine, 463, is claimed to be authority in support of the admissibility of declarations, made by the pauper during the condition of residence, disconnected with any distinct acts which would themselves be evidence; but it seems evident that that case simply decided in general that the declarations of the pauper are competent evidence of his intention, and that it was not essential that the declarant should be dead, or that his declarations should be against his interest, but only that they be made under such circumstances as to be parts of the res gestae. The illustrations used and the citations made by the court indicate only that the contemporaneous declarations by a person who does some act, are evidence to explain it. It does not appear under what circumstances the excluded declarations were made, but we must assume that the doc-

trine of that case is in harmony with previous and subsequent decisions in this State. *Gorham* v. *Canton*, 5 Maine, 266, 17 Am. Dec. 231; *Wayne* v. *Greene*, 21 Maine, 357; *Corinth* v. *Lincoln*, 34 Maine, 310; *Richmond* v. *Thomaston*, 38 Maine, 232; *Cornville* v. *Brighton*, 39 Maine, 333; *State* v. *Walker*, 77 Maine, 488; *Etna* v. *Brewer*, 78 Maine, 377.

It was held in *Barnes* v. *Rumford*, 96 Maine, 315: "The true principle upon which such evidence is admissible seems to be that the statement testified to is a verbal act, illustrating, explaining, or interpreting other parts of the transaction; that the declaration is contemporaneous with the principal fact, and so far explains or characterizes it as to be in a just sense a part of it and essential to a complete understanding of it." The same principle is stated in 1 Green. on Ev., § 108.

The home which a person must have in a town for five successive years to acquire a pauper settlement therein is equivalent to domicil which depends upon residence and intention. A person's intention can only be shown by his acts and words, but a mere expression of intent disconnected with any relevant circumstances would be too remote to be admissible as evidence. *Deer Isle* v. *Winterport*, 87 Maine, 37.

The pauper's intention is a question of fact. He could himself testify to it; and his declarations could be received in evidence of it, but only if accompanying acts which they explain, so that they are regarded as a part of acts from which his intention may be inferred.

The rule of limitation to the admission of the pauper's declarations adopted by the presiding justice is properly deduced from the distinction between original and hearsay evidence.

*Exceptions overruled.*