FRANK A. BISHOP *vs.* INHABITANTS OF THE TOWN OF HERMON.

Penobscot.   Opinion September 9, 1913.

*New Notice.   Notice.   Overseers.   Pauper.   Relief.   Request.   Revised Statutes, Chapter 27, Section 45.   Supplies.*

1. In an action for supplies furnished under the provisions of Revised Statutes, chapter 27, section 45, there must be notice to the overseers of the poor, express, formal and particular, also a request as distinct and explicit as the notice.

2. If the overseers act in good faith and with reasonable judgment, touching the necessity of relief of persons found in need, their conclusions will be respected in law.

3. When provision has been made upon such notice and request, the liability of the town ceases and in order to render it liable for further expense, a new notice and request are necessary.

On motion and exceptions by the defendant.   Exceptions not considered.   Motion sustained.   New trial granted.

This is an action of assumpsit in which the plaintiff seeks to recover the sum of $30.79 for supplies furnished to a pauper chargeable to the defendant town, by the plaintiff, under the provisions of Revised Statutes, chapter 27, section 45.     Plea, the general issue.     The jury returned a verdict for the plaintiff for $31.00.     The defendant filed a general motion for a new trial and excepted to the admission of certain testimony.

The case is stated in the opinion.

*B. W. Blanchard,* for plaintiff.

*Morse & Cook,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, PHILBROOK, JJ.

BIRD, J.     In this action plaintiff seeks to recover of defendant town, under the provisions of R. S., c. 27., sec. 45, the sum of $30.79 for supplies furnished one Dennis W. Palmer, a pauper chargeable to defendant.     The account of plaintiff covers a period extending from January 8 to February 24, 1912.     The jury found for plaintiff and the case is before this court upon exceptions and the usual motion for a new trial.

Upon the motion, it is necessary to consider only the sufficiency and effect of the notice and request required by statute—"after notice and request to the overseers, until provision is made for them."     The purpose of the statute is to provide for the relief of the distressed and such as stand in need of immediate relief. *Warren* v. *Islesborough,* 20 Maine, 442, 448; *Perley* v. *Oldtown,* 49 Maine, 31, 33; *Hutchinson* v. *Carthage,* 105 Maine, 134, 138.     Not only must there be notice, express, formal and particular but also a distinct request; *Walker* v. *Southbridge,* 4 Cush., 199, 202; *O'Keefe* v. *Northampton,* 145 Mass., 115.     The request must be as explicit as the notice. *Williams* v. *Braintree,* 6 Cush., 399, 402.     See also *Brown* v. *Orland,* 36 Maine., 376, 380; *Williams* v. *Braintree,* 6 Cush., 399, 403.     If the overseers act in good faith and with reasonable judgment touching the necessity of relief of persons found in need, their conclusions will be respected in law; *Hutchinson* v. *Carthage,* 105 Maine, 134, 138.     Being under oath, it is presumed they act with integrity until the contrary is shown.     *Portland* v.

*Bangor,* 42 Maine, 403, 410, and it is the duty of the courts to expect decisive proof of a breach of their trust; *Warren* v. *Islesborough,* 20 Maine, 442, 448. When provision has been made by the overseers upon such notice and request, the liability of the town ceases and in order to render it liable for further expense a new notice and request are necessary. *Warren* v. *Islesborough,* 20 Maine, 442, 448; *Gross* v. *Joy,* 37 Maine, 9, 11. See also *Phelps* v. *Westford,* 124 Mass., 286, 288.

It appears from the testimony of the plaintiff, the proprietor of "a small country store" in defendant town, that he had for some years supplied goods to pauper upon the latter's credit; that on the eighth day of January, 1913, he had an interview with the Chairman of the overseers of the poor of defendant town and stated to him that he could no longer "carry him" on his books; that the overseers "were neglecting this man, under the circumstances, it was their place to take care of him when he couldn't take care of himself;" that the man should be relieved and provided for and that he asked him repeatedly if he did absolutely refuse to provide for him, and finally told him that unless they did provide for him that he should at the town's expense. "As I was about to go away after saying all I thought I could say, I put that question to him again, if he absolutely refused to relieve those people. And he said 'No, I will send them a little stuff  . . . .' " The plaintiff had a list with him of what he claimed the pauper needed at that time and the chairman of the board directed him to supply the pauper with all the articles comprised in the list save one.

The plaintiff thereupon furnished supplies and has been paid by defendant for those he was directed to supply. The chairman of the overseers testifies that all articles in list were ordered sent which he thought necessary.

Six days later plaintiff furnished the pauper with other supplies and so continued to do from time to time until February 24, 1913, when he presented the account now in suit.

The overseers of the poor were thus notified, upon plaintiff's evidence, that he should cease to supply the pauper with goods, upon his credit; that he was in present need and should, unless the town provided for him, furnish him with supplies himself upon

credit of the town.   It does not appear that the pauper could not obtain necessaries upon his own credit from merchants or citizens of the town.   But without determining whether the notice was formal, express and particular, the distinct request was for the supplies alleged to be required for the immediate relief of the pauper—or the articles in the list of plaintiff.   It does not appear that further conversation was had between the chairman of the overseers and plaintiff.   Evidently the plaintiff assented.   The presumption in favor of the determination of the chairman as to the supplies to be furnished we do not think is overcome by the evidence and it is the opinion of the court that the only explicit request of plaintiff importing a distinct call upon the town for immediate relief (*Walker* v. *Southbridge,* 4 Cush., 199, 202) was complied with and that a new notice and request by plaintiff was required in order to render the defendant liable for further supplies.   *Williams* v. *Braintree,* 6 Cush., 399, 403; see also *Phelps* v. *Westwood,* 124 Mass., 286, 288.

The exceptions, which are to the admission of evidence, are not considered as the instructions to the jury are not reported and a new trial must be granted upon the motion.

*Motion sustained.*
*New   trial   granted.*