THE INHABITANTS OF EAGLE LAKE

*vs.*

THE INHABITANTS OF FORT KENT.

Aroostook.    Opinion February 23, 1918.

*Pauper.    Derivative settlement; when and how acquired.    Burden of proving derivative settlement.    Burden of proving acquired settlement.    Rule where declarations of father are admissible in matters of family history.*

In an action to recover for pauper supplies furnished M. and wife, on report, it is *Held:*

1.    That the plaintiffs contention that M. had a derivative settlement in the defendant town is not proved.

2.    The derivative settlement was fixed when the pauper attained his majority. At that time he took the settlement of his father if the latter had one in this State, and the burden was on the plaintiffs to prove that at that time the settlement of the father was in Fort Kent.

3.    The actual knowledge of M. does not furnish this proof, and declarations of his father could not be received as to matters of family history because his father was still alive.    They were merely hearsay testimony and not admissible.

4. The proof as to derivative settlement failing, this action fails; but it may be added that the facts are sufficient to prove that the pauper had acquired a settlement in Eagle Lake after he became twenty-one years of age.

There is therefore no liability on the part of the defendants.

Action on the case to recover for pauper supplies. At close of evidence case was reported to Law Court by agreement. Judgment in accordance with opinion.

Case stated in opinion.

*Shaw & Thornton,* for plaintiff.

*A. S. Crawford, Jr.,* for defendant.

SITTING: CORNISH, C. J., SPEAR, BIRD, HANSON, PHILBROOK, JJ.

CORNISH, C. J.   This is an action to recover for pauper supplies furnished one Dennis Michaud and wife, and comes to this court on report. Two issues of fact are presented. First, Did Dennis Michaud have a derivative settlement from his father, Baptiste Michaud, in the defendant town, as claimed by the plaintiffs? Second, If so, had he lost that derivative settlement and acquired one in his own right in the plaintiff town at the time the supplies were furnished, as claimed by the defendants?

The chronological facts are these. Dennis Michaud was born in Fort Kent in 1883 and lived there until he was twenty-four years of age. At that time he married, and after remaining in his father's family in Fort Kent two weeks, he moved to Eagle Lake with his wife on April 29, 1907. For the first year and a half in Eagle Lake they lived with the wife's father, who had gone with them and built a house there. Then Dennis built a home of his own and with his wife kept house until April 1, 1912, making a period of four years and eleven months since he had moved to Eagle Lake. They then returned to Fort Kent, and resided there until May 1, 1915, when they went back to their former home in Eagle Lake and were living there when they fell into distress in October, 1915.

1. *Derivative Settlement.*

The derivative settlement of Dennis Michaud was fixed when he became twenty-one years of age. At that time he took the settlement of his father, if the latter had one in this State, and he retained it until he subsequently might acquire one of his own by having his home in a

town for five successive years without receiving supplies as a pauper, directly or indirectly.   R. S., Chap. 29, Sec. 1, paragraphs II and VI. The plaintiffs contend that when Dennis became twenty-one, his father's settlement was in Fort Kent and the burden was on them to sustain this proposition by a fair preponderance of the evidence. This they have failed to do.   All the proof on this point comes from Dennis.   His father, Baptiste, although living, was not called as a witness.   He could have given the facts as to his residence during the minority of Dennis and from these his settlement when Dennis reached his majority could have been readily ascertained.   Under these circumstances therefore, the scope of the son's admissible evidence on this point was limited to facts within his own knowledge.   Declarations of his father could not be received as they lacked one element requisite to their admissibility on a matter of family history, that is, the death of the declarant before the trial, *Northrup* v. *Hale*, 76 Maine, 306; 4 Chamberlayne Ev., Sec. 2911, et seq.; or in the broader language of Wigmore, the nonavailability of the declarant at the time of trial.   2 Wig. Ev. Sec. 1481.   The declarations offered were therefore not an exception to the ordinary rule governing the exclusion of hearsay testimony.

Reviewing the testimony in the light of this evidentiary rule we find that it consists merely of two statements by Dennis, first that his father was born in Fort Kent, and second that his father was brought up in Fort Kent.   He admits, as he must, that his only knowledge came from statements made to him by his father, and therefore this evidence cannot be considered, his father being still alive.   The report contains no other facts touching this issue.

It is therefore impossible for this court to find, under the established rules of evidence, that the pauper had a derivative settlement in the defendant town and the plaintiffs fail on this vital point.

2. *Acquired Settlement.*

Having reached this conclusion on the first point, it is not strictly necessary to consider the second, that is the acquiring of a settlement by the pauper in Eagle Lake.   The burden is on the plaintiffs to prove the settlement in Fort Kent, not on the defendants to prove it in Eagle Lake, unless the pauper had a derivative settlement in Fort Kent.

It can do no harm, however, to add that in our opinion the facts are sufficient to establish the settlement in Eagle Lake. The pauper went there with his wife, April 29, 1907, and established his home, at first in the house of his father-in-law and then in his own. This house he has never sold and this home he has never abandoned. One month before the expiration of five years he moved back to Fort Kent with his wife, taking nearly all his personal property with him, but as he himself testifies, he went only for a temporary purpose and with the intention of returning to Eagle Lake which he still regarded as his home. After staying in Fort Kent about three years he returned to his own house in Eagle Lake, which during his absence he had leased, and he has since remained there. His acts coincide with his intention.

There was some evidence to the effect that Dennis at one time attempted to sell his home in Eagle Lake and with the proceeds to purchase other property in Fort Kent. But this was shortly prior to his return to Eagle Lake and the selling and purchasing were mere contingent possibilities that never materialized. They did not constitute a well formed intention to give up the Eagle Lake home, and at the time the possibilities were under consideration the five year period since first going to Eagle Lake had long since elapsed.

The pauper once having established his home in Eagle Lake, by the concurrence of intention and personal presence, his personal presence in that town for five successive years was not essential to his acquiring a settlement therein if his intention continued unchanged during that period.

*Judgment for defendants.*