## Inhabitants of Mount Desert

### *vs.*

### Inhabitants of Bluehill.

### Hancock.    Opinion October 31, 1919.

*Pauper supplies.   Proof necessary to charge a person with having received pauper supplies.   Rule as to action of majority of Board of Selectmen being necessary in the matter of deciding what may be pauper supplies and also in relation to furnishing same to alleged pauper.   Rule where the act of one member of the Board of Selectmen is ratified by the others.*

Action to recover for pauper supplies furnished to one Lulu Grindle and her two illegitimate children and before the court on report.

*Held:*

1.  The person alleged to be a pauper must have fallen into distress and stood in need of immediate relief, and it must appear that the supplies furnished were necessary for their maintenance and support.

2.  To constitute pauper supplies, it must be shown that there was an adjudication by a majority of the overseers of the poor that the alleged pauper had fallen into distress and stood in need of relief, or that the overseer furnished the supplies upon his own view of what is necessary and proper, if his act is subsequently assented to or ratified by a majority of the board.

Action on the case to recover for pauper supplies.    Defendant filed plea of general issue.    Statement of facts having been agreed upon case was reported to the Law Court for final determination.

Judgment in accordance with the opinion.

Case stated in opinion.

*J. H. Knowles, D. E. Hurley*, for plaintiff.

*Forrest B. Snow*, for defendant.

Sitting: Cornish, C. J., Hanson, Dunn, Wilson, Deasy, JJ.

Hanson, J.    This is an action to recover for pauper supplies furnished to one Lulu Grindle and her two illegitimate children and is

before the court on report. The plaintiff claims to have expended for the relief of the alleged paupers, from Oct. 25, 1917, to September 21, 1918, the sum of $574.98.

The principal contention of the parties is found in the final item of the account sued for, namely, "Paid Julia C. Nevins for board and clothing from October 25, 1917, to Aug. 9, 1918  .  .  .  .  $524.00." This charge includes the alleged pauper supplies for Lulu Grindle, as well as such support for her two children during the period stated.

Certain admissions appear in the report of the evidence, two of which may be mentioned as necessary in the determination of this case, and are as follows:

1.  The pauper settlement of the two children of Lulu Grindle named in the plaintiff's writ at this date is in the town of Bluehill, their pauper settlement not being questioned in this action.

2.  Lulu Grindle moved to the town of Mt. Desert in 1910, and resided there continuously from that time until sometime in 1918.

The first admission involves the question of the amount to be allowed for the support of said children as an independent charge, inasmuch as they were born while Lulu Grindle had a pauper settlement in the defendant town.

From the evidence in the case we find that a proper allowance for their support during the time claimed would be two dollars per week for each child, or in the whole $170.85.

The only other question involved, in the order of the admission in the record is this: Was the continuity of the residence of Lulu Grindle in the plaintiff town from 1910 to 1918, interrupted by the receipt of pauper supplies from that town? The plaintiff claims that such residence was interrupted in 1913, and that Lulu Grindle did not during the period acquire a pauper settlement in plaintiff town. In support of this contention the plaintiff introduced testimony tending to show that one James I. Myrick, with whom Lulu Grindle was living unlawfully, applied to one of the selectmen of Mt. Desert for "pauper support," and the plaintiff introduced Exhibit No. 1, which reads as follows:—

"Town of Mount Desert, Maine
    Selectmen's Office.
        Northeast Harbor, Me. Aug. 1, 1912.

I hereby apply to the Town of Mt. Desert for support for myself and Family.

JAMES I. MYRICK."

The selectman mentioned was one George J. Joy, and so far as the report shows he was the only officer of the town having knowledge of such application.    No action was taken by the selectmen as a body, or by the overseers of the poor.    The provisions of the statute in such cases were wholly disregarded.

The remaining Exhibit No. 2 reads:—

"Northeast Harbor, Maine, June 18, 1913.
Town of Mount Desert

<center>To Geo. J. Joy,                · Dr.</center>

For rent for James I. Myrick from Jan'y. 1, 1913 to July 1, 1913—6 months at $6.00 per month,.................... ......................:........... ....  .. $36.00

<center>Received payment,  ·</center>

<center>Geo. J. Joy."</center>

It will be seen that "rent for James I. Myrick" is the only item of alleged "pauper supplies," and that rent was furnished five months after the date of the application.

It follows that the claim as to Lulu Grindle is without merit.    It does not appear that James I. Myrick, or any member of his household, had fallen into distress and stood in need of immediate relief, and it is very clear that the legal status of Lulu Grindle was in no way affected by the action of Myrick and the selectman in August, 1912. The persons alleged to be paupers must have fallen into distress and stood in need of immediate relief, and it must appear that the supplies furnished were necessary for their maintenance and support.    *Bangor* v. *Hampden,* 41 Maine, 484;  *Corinna* v. *Exeter,* 13 Maine, 321.

To constitute pauper supplies, it must be shown that there was an adjudication by a majority of the overseers of the poor that the alleged pauper had fallen into distress and stood in need of relief, or that the overseer furnished the supplies upon his own view of what is necessary and proper, if his act is subsequently assented to or ratified by a majority of the board.    *Linneus* v. *Sidney,* 70 Maine, 114.

The entry will be,

<div align="right">

*Judgment for the plaintiff*
*for $170.85 and costs.*