INHABITANTS OF HARTLAND *vs.* INHABITANTS OF SAINT ALBANS.

Somerset.    Opinion July 7, 1923.

*Overseers of the poor must furnish to destitute persons relief which is reasonable and proper in their sound and honest discretion, but their power is not unlimited.*

In the instant case the finding of the jury that the alleged paupers were in a destitute condition when the supplies were furnished is supported by the evidence.

The exclusion of the pay checks of a brother of John Luce, a boarder in the family, covering a period during several months prior to the falling into distress, unless traced to the family, was correct. They would have no evidentiary value upon the resources of the family unless connected with them.

Overseers of the poor under the statute and under their oath of office must furnish to destitute persons relief which is reasonable and proper.   What is reasonable and proper is left in the first instance to their sound and honest discretion. But their power is not unlimited.

In view of all the circumstances the amount furnished here was unconscionably large.

On motion for a new trial and exceptions.   This is an action to recover for pauper supplies furnished by plaintiff town to one John Luce and family, who, it is alleged, fell into distress in that town, having their pauper settlement in defendant town.   The general issue was pleaded and a verdict of $360.84 was returned for plaintiff. Defendant filed a general motion for a new trial, and also excepted to the exclusion of certain evidence.   Exceptions overruled.   Motion sustained unless the plaintiffs within thirty days from filing of rescript remit all the verdict in excess of $210.84; otherwise motion overruled.

The case is fully stated in the opinion.

*Gower & Shumway*, for plaintiffs.

*Pattangall & Locke and J. H. Haley*, for defendants.

SITTING:   CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

CORNISH, C. J.   Action for pauper supplies furnished to one John Luce and family who are alleged to have fallen into distress in the plaintiff town and to have their legal pauper settlement in Saint Albans.   The case is before the Law Court on defendant's general motion and a single exception.

1. MOTION.

The issue raised by the motion, as stated by the learned counsel for defendants in their brief, is whether the supplies sued for were necessary and were furnished in good faith or without necessity and for the purpose of interrupting the gaining of a settlement in Hartland, which might otherwise have become complete in a week after the first supplies sued for were furnished.

It is admitted that on November 24, 1915, John Luce was living with his family in Saint Albans and that his pauper settlement was then in that town.   On November 25, 1915, he moved with his family into Hartland and has resided there since that time.   His

residence therefore would have ripened into a pauper settlement in Hartland in five years, or on November 25, 1920, unless legally aided by the town in the meantime. The first of the supplies were furnished on November 18, 1920, a date suspiciously near the completion of five years it must be conceded. But it seems that two and a half years before, on May 24, 1918, Luce made written application to the overseers of the plaintiff town for assistance, and supplies to the amount of about $17 were then furnished. Subsequently Hartland was reimbursed for this either by John or his brother, but that fact would render the supplies no less pauper supplies if the applicant was in actual need and due notice was given. *Lewiston* v. *Harrison*, 69 Maine, 508. If those conditions were met the period of settlement was interrupted in 1918, and in 1920 when the supplies in the pending case were furnished the pauper still belonged to Saint Albans.

Coming to the supplies of November and December, 1920, for which this action was brought, the sharp issues of fact for the jury were the alleged destitute condition of the family and good faith on the part of the Hartland overseers. On the question of destitution the jury sustained the plaintiff's claim, and from a careful study of the evidence, especially of the two women who represented respectively State and local relief organizations and who reported the conditions to the overseers, we think the finding was justified. The defendants take nothing by the general motion on the question of settlement.

EXCEPTION.

This is based upon the exclusion of the pay checks received by Ulysses G. Luce, a brother of the pauper, who boarded in his family and who often assisted the family from his earnings. Those checks covered a period during two, three and six months prior to the furnishing of these supplies. The court held the earnings of Ulysses to be immaterial on the pending issue and said: "The seven dollars a week (the price of board) was one of the resources of the family and if Ulysses saw fit to help his brother, that you can show, to what extent he actually did help his brother out; that might be material. But to put in generally his earnings as far back as May, 1920, I cannot see the materiality of it." Acting on this principle

the court admitted a pay check for $12.80 dated November, 1920, which was shown to have come into the hands of the pauper. The ruling was correct. The question at issue was the destitute condition of John Luce and his family. As bearing upon that his resources at the time and prior thereto might be of evidentiary value. The court admitted all evidence along that line, but properly excluded evidence of earnings by the brother which were not traced to the family. There the connection was broken.

Moreover, its effect if introduced would have been exceedingly meagre when compared with the actual conditions found to exist when aid was applied for. That was the crucial time and that condition was the essential fact upon which the overseers of the poor were bound to act. In view of the overwhelming testimony on that point this ruling, even had it been technically erroneous, would have been harmless.

## AMOUNT OF SUPPLIES.

This is unconscionably large. Overseers of the poor under the statute and under their oath of office must furnish to destitute persons relief which is reasonable and proper. R. S., Chap. 29, Sec. 33. *Clinton* v. *Benton*, 49 Maine, 554. What is reasonable and proper must be left in the first instance to their sound and honest discretion. But they have not unlimited power. If they had, great injustice could be done to the town of the settlement, an injustice which that town in many instances could not prevent, as the furnishing town is allowed three months in which to give notice. The facts and conditions in all these cases differ. But consider what was done here by the overseers of Hartland. Application for assistance was made on November 18, 1920. Between that date and December 20, a period of about one month, the charges amount to $318, or about $10 per day. The family consisted of John, his wife and three children, a boy of twenty-one, a girl of eighteen, and another boy of seven, together with the brother Ulysses who paid his board. The groceries and provisions for that short period aggregate $102, the clothing $110, the bedding $66, not to mention sundry miscellaneous claims such as painting and papering the interior of the house. We are constrained to say that in view of all the circumstances this

was grossly extravagant. The total amount paid by Hartland for the support of paupers off the town farm for the entire year was only $500, including this bill.

It is somewhat difficult to scale down this bill to what is reasonable and proper. The jury gave the full amount, excluding the charge for Ulysses, which it was finally agreed could not be collected, and also excluding one or two other small items not properly included in the bill. The verdict was for $360.84. This was manifestly excessive by at least $150.

The entry may therefore be:

> *Exception overruled.*
> *General motion sustained unless the plaintiff within thirty days from filing of rescript remit all the verdict in excess of $210.84, otherwise motion overruled.*