MRS. R. L. BEAN *vs.* MARK W. INGRAHAM ET AL.

Knox. Opinion January 22, 1930.

*Frank A. Tirrell, Jr.,*
*O. H. Emery,* for plaintiff.
*J. H. Montgomery,* for defendants.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

DEASY, C. J. Action of *scire facias* against trustees. The defendants moved that the action be dismissed. The presiding Justice refused the motion. To this ruling the defendants except.

After unfortunately protracted litigation this court held in *Bean* v. *Ingraham*, 128 Me., 238 — 147 Atlantic, 191, that upon the facts as stated in the bill of exceptions which were the same as stated in the writ, the action failed — failed because it did not appear that as required by R. S., Chap. 91, Sec. 73, a demand had been within the required thirty days made upon the trustees.

Thereupon, exceptions being sustained, the case came back to *nisi prius* to be tried *de novo*, it not having "otherwise been expressly decided and stated in the rescript." *Merrill* v. *Merrill,* 65 Me., 79.

Upon the facts which were before the court in 128 Me., 238, the plaintiff must fail but if there is error a Justice sitting at *nisi prius* may allow an amendment.

A writ of *scire facias* may be amended like any other writ. *Marsh* v. *Bellefleur,* 108 Me., 354.

"A writ of *scire facias* is unquestionably amendable in the same manner as declarations in other cases." 24 R. C. L., 678.

An action can not properly be dismissed by reason of any defect or omission in the declaration which, in the discretion of a sitting Justice, may be cured by amendment.

"Motions for dismissal are not permitted to usurp the office of demurrers."
R. C. L., Sup. Vol. 2, Pg. 768; *R. R. Co.* v. *Adams,* U. S., 45, L. Ed., 410.

A motion to dismiss is appropriate when upon the record there appears to be a lack of jurisdiction or want of sufficient service, but

"Defects apparent on the face of the declaration, independent of any reference to the writ or its service are not pleadable

in abatement or the subject of a motion to dismiss." *Little-field* v. *R. R. Co.*, 104 Me., 126-132.

The ruling of the presiding Justice in the instant case in refusing to dismiss the action was unquestionably correct.

*Exceptions overruled.*