INHABITANTS OF MADISON *vs*. INHABITANTS OF FAIRFIELD.

Somerset.     Opinion, October 24, 1933.

*Charles O. Small,*
*James H. Thorne,* for plaintiff.
*Paul L. Woodworth,* for defendant.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J. This case was reserved for final decision by this court on a report of the legally admissible evidence. The action is for the support of one William Elwood Bassett, and his wife and children, who derive their settlement from him as paupers. Inquiry is quite narrow in its scope. The decisive question is whether, under the statutes of this State, Bassett had his settlement in the defendant town of Fairfield, when, on the ninth day of August, 1930, he fell into distress in Madison, and received, for himself and family, the pauper supplies in suit.

William Elwood Bassett attained full age on the eighteenth day of July, 1924, having been born in wedlock on the nineteenth day of July, 1903, at Anson. His mother had a settlement, but his father then had none in Maine; the father may, however, have acquired one in Fairfield, as claimed by plaintiff, during the minority of the son. Since becoming a major, the younger Bassett had his home, and lived and supported himself — and, since his marriage in 1926, his dependents — continuously to the time of the supplies, in Madison, with the exception of three months in the summer of 1927, when he had employment in Connecticut.

In going from Madison and taking his family with him, there is ample evidence Bassett had a present definite intention of returning there. He went with his mother (who, divorced from his father, had remarried), and her husband, in their automobile, looking for work upon his own account and for his own benefit. He left simply for work and solely for work, intending to remain away only so long as he had a job. Except he had such, his purpose was "to come

back to Maine." He found employment, followed it, and continued in Connecticut until he could find no further work and his money gave out. He telegraphed to a friend in Norridgewock, Maine, for funds, and obtaining them, quitted the furnished rent he was occupying and started home, bringing his family and his few worldly possessions with him. On the way, he stopped at Norridgewock, to repay by his labor the thirty-five dollars which had been sent him to defray his travelling expenses; he continued thence to Madison, to his wife's parental house, to which, it is inferable, he had a right to return.

To retain his home in a town, it is certainly unnecessary that a person should at all times have some house or building, or room, to which he has a right to go. *South Thomaston* v. *Friendship*, 95 Me., 201, 49 Atl., 1056. The home which a person must have, for five successive years, without receiving supplies as a pauper, to acquire a settlement in a town (R. S., Chap. 33, Sec. 1, Cl. VI), is equivalent to domicile, which depends upon residence and intention. *Knox* v. *Montville*, 98 Me., 493, 495, 57 Atl., 792. Brief absences, without intention to abandon home — or, more accurately, perhaps, with the formed and determined intention of returning — do not prevent the acquisition of a settlement. *Ripley* v. *Hebron*, 60 Me., 379, 394; *Knox* v. *Montville*, supra; *Rumford* v. *Upton*, 113 Me., 543, 95 Atl., 226; *Eagle Lake* v. *Fort Kent*, 117 Me., 134, 137, 103 Atl., 10, 11.

Assuming, but not deciding — for decision would serve no ultimately essential purpose — that Bassett had a derivative settlement from his father in Fairfield, the facts are sufficient to establish (with the burden on the defendant), that he later gained in his own right a settlement in Madison, and had such at the time of the supplies. The plaintiff fails. The mandate to the Superior Court will be:

*Judgment for defendant.*