INHABITANTS OF FORT FAIRFIELD

*vs.*

INHABITANTS OF MILLINOCKET.

Aroostook.     Opinion, April 1, 1940.

*A. F. Cook,*
*Herschel Shaw,* for plaintiff.
*John F. Ward,*
*Michael Pilot,* for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

STURGIS, J.    In this pauper suit, the defendant rested its case on the evidence introduced by the plaintiff and moved for a directed verdict. This was denied and exception reserved. The jury then, under instructions, returned a verdict for the plaintiff and excep-

tion to that ruling was noted. The case comes forward on these exceptions and a general motion for a new trial on the usual grounds.

The question raised by the exception to the ruling by which the jury was ordered to return a verdict for the plaintiff is whether the jury would have been warranted by the evidence in finding a verdict contrary to the one ordered. *Healy* v. *Cumberland County Power & Light Co.*, 125 Me., 519, 134 A., 544; *Royal* v. *Bar Harbor and Union River Power Co.*, 114 Me., 220, 95 A., 945. The issue raised by the exception is one of law in which the motion for a new trial has no office. *Rhoda* v. *Drake, Jr.*, 125 Me., 509, 131 A., 573. The exception taken to the denial of the defendant's motion for a directed verdict and the general motion for a new trial raise the same question. That exception must be regarded as waived. *Symonds* v. *Free Street Corporation*, 135 Me., 501, 200 A,. 801. The case must be decided on the exception to the directed verdict for the plaintiff. If error is found, the case goes back to *nisi prius* to be tried *de novo* unless otherwise expressly decided and stated in the rescript. *Bean* v. *Ingraham*, 128 Me., 462, 148 A., 681.

The record shows that one Walter L. Walls, while still a minor, moved into Fort Fairfield, married a few days later, and since, with his wife and the children born of the union, has lived in that town. He and his family have been in distress more or less continuously in the last few years and have been furnished with a substantial amount of pauper supplies by Fort Fairfield. The full amount of the expense incurred for these supplies is set forth in the account annexed in the writ, but it is stipulated that if recovery can be had in this action it is limited to $639.61, the cost of the supplies furnished during the three months prior to February 7, 1938, when a pauper notice was sent to the Town of Millinocket, and up to the commencement of this action. This is in accordance with the statute. R. S., Chap. 33, Sec. 29; see *Fayette* v. *Livermore*, 62 Me., 229, 234.

The pauper was born in New Brunswick, came to Millinocket with his father and mother when he was three years old and lived with them there until he went to Fort Fairfield. He became of age August 24, 1928, and at that time took a derivative settlement from his father in Millinocket. R. S., Chap. 33, Sec. 1, Par. II; *Gouldsboro* v. *Sullivan*, 132 Me., 342, 170 A., 900; *Eagle Lake* v. *Fort Kent*, 117 Me., 134, 103 A., 10; see *Belmont* v. *Morrill*, 73 Me., 231. The de-

fense is that the pauper's derivative settlement in Millinocket was defeated by his gaining a settlement in his own right in Fort Fairfield by having a home there for five successive years after he became of age without directly or indirectly receiving pauper supplies. R. S., Chap. 33, Sec. 1, Par. VI. The burden of sustaining this proposition is on the defendant. *Gouldsboro* v. *Sullivan,* supra; *Ellsworth* v. *Waltham,* 125 Me., 214, 132 A., 423; *Monroe* v. *Hampden,* 95 Me., 111, 49 A., 604.

The record further shows that on June 21, 1933 and less than five years after Walter L. Walls beame twenty-one years old, he and his family being destitute, he went to the selectmen's office in Fort Fairfield and finding there William B. Burns, erroneously called in the record Leon D. Burns, who was a relief worker employed by the selectmen, asked for assistance and was given an order on Kyle & Spear, local grocers, for merchandise. The relief worker Burns signed the order:

$$\frac{\text{D. M. ALLEN}}{\text{B}}$$

TOWN MANAGER.

The grocers furnished the merchandise to the applicant for relief and their bill, when presented at the end of the month to the Treasurer of Fort Fairfield, was paid.

As a witness, William B. Burns testified that in March, 1933, he was employed by the Selectmen of Fort Fairfield to look after relief and thereafter issued orders to the poor under the name of D. M. Allen, the town manager, with his own initial attached. He states that he does not know that he had authority to issue the order which was given to Walter L. Walls and that he was "a relief worker only." He was not supervised by anybody, only conferring with the town manager when he had questions to ask. The order for supplies in controversy, which he gave to this pauper, was never discussed with the town manager or the overseers of the poor and was reported only by presentation of the grocers' bill to the town treasurer. In so far as the record discloses, no member of the overseers of the poor of Fort Fairfield expressly authorized or has since ratified the issuance of this order or had personal knowledge that pursuant to it supplies were furnished and paid for by the town.

The care and relief of the poor chargeable to a town and the furnishing of relief to destitute persons found there and having no settlement in the town are expressly committed to the overseers of the poor of the several towns and cities of the state. R. S., Chap. 33, Sec. 10 & 29. The overseers must be sworn to the faithful performance of their duties. R. S., Chap. 5, Sec. 12. "The powers with which overseers are clothed require an exercise of judgment by which they may charge their towns with the support of paupers." They are bound to act in good faith and with reasonable judgment regarding the necessity for and the nature and extent of relief furnished. The relief must be reasonable and proper under the circumstances and this, in the first instance, must be left to their sound and honest discretion. As officers sworn to do their duty, it is presumed they act with integrity and their conclusions will be respected in law. *Harpswell* v. *Phipsburg*, 29 Me., 313, 316; *Portland* v. *Bangor*, 42 Me., 403; *Hutchinson* v. *Carthage*, 105 Me., 134, 73 A., 825; *Bishop* v. *Hermon*, 111 Me., 58, 88 A., 86; *Machias* v. *East Machias*, 116 Me., 424, 102 A., 181; *Hartland* v. *St. Albans*, 123 Me., 82, 121 A., 552.

The general rule is that the discretionary powers and duties of overseers of the poor are quasi judicial and can not be delegated to others. 21 Ruling Case Law, 707. This rule has been varied in this state only to the extent that it has been settled by a long line of decisions that the overseers of the poor need not act at all times as a body, but that one overseer may furnish poor relief by the express authority of the other overseers and his act, although not authorized, may become the action of the board if approved or ratified. *Carter* v. *Augusta*, 84 Me., 418, 24 A., 892; *Fairfield* v. *Oldtown*, 73 Me., 577; *Linneus* v. *Sidney*, 70 Me., 114; *Smithfield* v. *Waterville*, 64 Me., 412; *Fayette* v. *Livermore*, 62 Me., 229; *Windsor* v. *China*, 4 Me., 298; see also *Boothby* v. *Troy*, 48 Me., 560; *Mt. Desert* v. *Bluehill*, 118 Me., 293, 108 A., 73. It has never been held here or elsewhere, so far as research discloses, that overseers of the poor can delegate the exercise of their discretionary powers to persons not on the board. The provisions of Chapter 65, Private and Special Laws, 1929, which authorized the Town of Fort Fairfield to adopt a town manager form of government and empowered its overseers of the poor to authorize its town manager to act as their clerk or agent to send pauper notices and answers, is not in conflict with this

view. The overseers of the poor are not given authority in that statute to delegate their discretionary powers and duties to the town manager or anyone else. The sending of notices and answers is simply a ministerial function. Such ministerial functions may be delegated to an agent or clerk by overseers of the poor. *Sullivan* v. *Lewiston*, 93 Me., 71, 44 A., 118.

It must be held, therefore, that the receipt of supplies by Walter L. Walls and his family on June 21, 1933, through the order of William B. Burns, the relief worker of Fort Fairfield, did not constitute a direct or indirect receipt of pauper supplies which prevented his gaining a settlement in Fort Fairfield by having his home there for five successive years after he became of age. The furnishing of these supplies was, in the first instance, unauthorized. If the overseers of the poor had power to ratify the act of the relief worker, there is not a scintilla of proof in the record that they have ever actually done so or had knowledge that the supplies were furnished. The presumptions arising out of the payment to the grocer for the supplies by the town treasurer and from the fact that a pauper notice was sent to Millinocket February 7, 1938, nearly five years after the supplies in controversy were furnished, can not prevail against the lack of ratification clearly indicated by the proven facts. Apparently the town treasurer paid the supply bill without the knowledge of the overseers of the poor and, on the record, the town manager sent out the pauper notice on his own responsibility and of this the overseers had no knowledge. It can not be held that the Town Manager of Fort Fairfield has the power to effect a ratification by the overseers of the poor of an unauthorized administration of their discretionary duties under the pauper law by an employee, especially when such administration is to them unknown.

On the evidence in this case, a verdict for the defendant was clearly warranted. The direction of a verdict for the plaintiff, therefore, was error. The entry must be

> *Exception to order for directed verdict for plaintiff sustained.*
>
> *Exception to refusal to direct a verdict for defendant dismissed.*
>
> *Motion for a new trial dismissed.*