C. ARCHER DUNLAP AND SUSAN M. DUNLAP, Appellants from the Decree of the Judge of Probate.

Androscoggin.    Opinion July 7, 1905.

*Guardian. Appointment. Welfare of Child. Power of Probate Court. Appeal. Justice of Supreme Judicial Court. Exceptions.*

When the appointment of a guardian for a minor child is asked for, the welfare of the child is the main and controlling consideration.

The determination of this question is in the first instance submitted to the Probate Court, and ultimately, if an appeal be taken, to the determination of a Justice of the Supreme Judicial Court sitting as a Judge of the Supreme Court of Probate.

It is the duty of such Justice to hear and decide the fact whether the welfare of the child requires such guardianship.

The decision of such Justice is not a ruling of law, but is his judgment of the facts and of the necessity and propriety of his conclusions, and is not subject to exception.

On exceptions by appellants.    Dismissed.

Appeal from the decision of the Judge of Probate for the County of Androscoggin, upon petition of Charles F. Dunlap for appointment as guardian of one Erlon M. Dunlap, the son of C. Archer Dunlap and Susan M. Dunlap, the appellants, and grandson of the petitioner.

After hearing in the Probate Court, the Judge decided in favor of the petitioner, and entered a decree appointing him guardian of the said Erlon M. Dunlap, who is a minor, of the age of twelve years.

An appeal was duly taken and full hearing was had before the presiding Justice at the Supreme Judicial Court for the County of

Androscoggin, April term, 1905, who affirmed the decree of the Probate Court.     Thereupon the appellants took exceptions.

*H. E. Coolidge,* for appellants.

*Ralph W. Crockett,* for appellee.

SITTING: EMERY, STROUT, SAVAGE, POWERS, PEABODY, JJ.

STROUT, J.     This is a petition of Charles F. Dunlap, grandfather of Erlon M. Dunlap, a minor of the age of twelve years, for the appointment of the grandfather as guardian of the minor, with the care and custody of his person.     The Judge of Probate granted the prayer of the petition, and the appellants, his parents, appealed from the decree of the Probate Court.     In the Supreme Court of Probate after full hearing had before a Justice of this Court, who found the facts, he affirmed the decree of the Probate Court, and the case is here upon exceptions.

In cases of this kind the welfare of the child is the main and controlling consideration.     The determination of this question is in the first instance submitted to the Probate Court, and ultimately, if an appeal is taken, to the determination of a Justice of this Court sitting as Judge of the Supreme Court of Probate.     The statute imposes upon such justice the duty of hearing and deciding the fact, whether the welfare of the child requires such guardianship.     Such decision is to be arrived at by the exercise of the sound judgment and discretion of the Justice hearing the case.     His decision is not a ruling of law, but his judgment of the facts and necessity and propriety of his conclusions.     It is not subject to exception.     In this case the Justice determined that the welfare of the minor demanded his removal from the influences surrounding him while in the custody of his parents, and that they were incompetent to discharge their duty in that regard. We cannot reverse that finding upon exceptions.     The entry must be

*Exceptions dismissed.     Decree below affirmed.*