ELIZABETH M. COGAN & another *vs.* WILLIAM H. COGAN.

Suffolk. December 2, 1908. — May 20, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Probate Court,* Appointment of commissioner under Rule 35, Appeal, Framing of issues. *Insane Person. Guardian. Constitutional Law. Witness. Evidence.*

Where, upon an appeal from the decree of a single justice of this court affirming a decree of the Probate Court appointing a guardian of a person alleged to be insane, it appeared that the evidence had been taken down by a stenographer, who thereafter was appointed a commissioner to take the evidence under Equity Rule 35, this court did not find it necessary to pass upon the question whether a commissioner could be appointed in that way, as they affirmed the decree appealed from, assuming for the purposes of the case that the evidence was properly before them.

At the hearing before a single justice of this court of an appeal from a decree of the Probate Court appointing a guardian of the respondent as an insane person, the respondent conducted his case in person, and he also, against his protest, was called as a witness by the petitioners and testified as such, so that the justice who heard the case had the fullest opportunity to observe his manner and behavior, his physical condition, the way in which his mind appeared to work, the expression of his countenance, and the way he spoke and acted and appeared to

feel in regard to matters that came up. There also was the testimony of an expert on insanity that in his opinion the respondent was of unsound mind, and there was evidence of acts and declarations of the respondent which could be found to tend to support that conclusion. *Held*, that the rule, in cases heard as this was, is that the finding of the single justice will not be set aside unless clearly erroneous, and that the court could not say that a finding that the respondent was insane was clearly erroneous.

At the hearing before a single justice of this court of an appeal from a decree of the Probate Court appointing a guardian of the respondent as an insane person, a motion of the respondent that issues may be framed to be submitted to a jury is addressed to the discretion of the justice who hears the case.

At the hearing before a single justice of this court of an appeal from a decree of the Probate Court appointing a guardian of the respondent as an insane person, the proceeding being of a civil and not a criminal nature, the respondent, against his protest, may be called and examined as a witness by the petitioner without the violation of any constitutional right.

At the hearing before a single justice of this court of an appeal from a decree of the Probate Court appointing a guardian of the respondent as an insane person, evidence of what the respondent testified at the hearing in the Probate Court is admissible, as also are a letter and a folder contained in it, incoherent in character, which were sent by the respondent to the receiver of his property appointed by the court, apparently being one of many similar communications addressed to different persons.

A letter sent by a person adjudged to be insane to a member of the bar appointed by the Probate Court receiver of his property is not in the nature of a privileged communication from client to counsel.

MORTON, J. This is a petition for the appointment of a guardian of the respondent as an insane person. A decree was entered in the Probate Court in favor of the petitioners and the respondent appealed and duly filed reasons of appeal. The case came on for hearing before a single justice of this court * and was fully heard upon such testimony, oral and otherwise, as the parties desired to submit, and a decree was entered affirming the decree of the Probate Court except that, because of a preference expressed by the respondent, Joseph D. Fallon, Esquire, was appointed guardian instead of Robert Homans, Esquire, who had been appointed in the Probate Court. The respondent appealed to the full court from the decree thus entered.

The evidence was taken by a stenographer who at a later date was appointed a commissioner as of the date of the hearing. Without passing upon the question whether a commissioner

---

* *Rugg*, J.

could be so appointed, on which the presiding justice expressed some doubt, we treat the evidence, for the purposes of this case, as properly before us.

The respondent was his own attorney. He had no knowledge of the law and no experience in the practice of it except such as he had gained while a member for many years of the police force of the city of Boston. Necessarily in such a case the party so acting will be at a disadvantage, and there is always danger that some matter affecting his rights in an important particular may escape attention. We have accordingly examined the record before us and the brief of the appellant with care and we think that not only were the rights of the appellant solicitously guarded by the presiding justice, but that the case was presented with fairness and candor on the part of counsel for the petitioners.

The question whether the respondent was insane or not was a question of fact to be determined by the court upon all of the evidence before it. With the determination of such a question the appearance of the respondent would have a good deal to do. The respondent, as has been said, conducted his case in person. He was also, though against his protest, called as a witness by the petitioners and testified as such. The justice who heard the case had therefore the fullest opportunity to observe his manner and behavior, his physical condition, the way in which his mind appeared to work, the expression of his countenance, and how he spoke and acted, and apparently felt in regard to matters that came up. These and other manifestations of a similar nature would be incapable of reproduction in the printed record, but would properly have great weight with the presiding justice in regard to the finding which should be made. There was also the testimony of Dr. Dewey, an expert on insanity, that in his opinion the respondent was of unsound mind, and there was likewise evidence of acts and declarations on the part of the respondent which could be found to tend in the same direction. The rule is that in cases which have been heard as this was the finding of the single justice will not be set aside unless clearly erroneous. *Shapira* v. *D'Arcy*, 180 Mass. 377. *Reed* v. *Reed*, 114 Mass. 372. We do not see how it can be said that the finding that the respondent was insane was clearly erroneous.

The motion for the framing of issues * was addressed to the discretion of the justice, and there is nothing to show that his discretion was wrongly exercised in overruling it.

The proceeding being of a civil and not a criminal nature, the respondent could be properly called and examined as a witness by the other party, and no constitutional right of his was thereby invaded.

Evidence of what the respondent testified to at the hearing in the Probate Court and the letter to Mr. Conant † and the folder enclosed were all admissible as bearing on the question of his sanity. It does not appear that Mr. Conant was ever employed by or acted as counsel for the respondent. We infer that the communication addressed to him was one of many similar communications addressed to different people. We understand the respondent to so testify in substance. There was nothing in the nature of a privileged communication from client to counsel.

No exception was taken to the exclusion of the hospital records during the cross-examination of Dr. Dewey by the respondent. But if an exception had been taken, the record, if otherwise admissible, was not properly proved and the court could exclude it for that reason. Moreover we do not see how its exclusion could have done the respondent any harm.

We discover no error in the manner in which the hearing was conducted.

*Decree affirmed.*

The case was submitted on briefs.

*W. H. Cogan, pro se.*

*H. G. Allen,* for the petitioners.

---

* The motion of the respondent was that issues might be framed to be submitted to a jury. This was denied by the justice.

† H. W. Conant, Esquire, was the receiver of the property of the respondent appointed by the court. The letter was incoherent in character, and the folder enclosed in it was entitled "Police Corruption."