BLANCHE E. McKENZIE et als., Appellants,

In Re Guardianship of JOHN E. FARNHAM.

Piscataquis.    Opinion September 26, 1923.

*Presumptive heirs of a ward are so interested in his estate that they have the right to claim an appeal from a decree affecting it. The findings of a single Justice sitting in the Supreme Court of Probate upon questions of fact are final, as a rule, though they may be reviewed in extreme cases of a serious mistake.*

Upon hearing in the Supreme Court of Probate before a single Justice, without a jury, if there be found any evidence upon which the ruling and finding can be based, the sufficiency of such evidence is a question of fact upon which the finding of the justice is conclusive and is not to be reviewed by the Law Court.

Whether a medical witness is qualified to testify on the ground that he is an attending physician is a question of fact for the presiding Justice, and his decision of such a question is final, although in extreme cases, where a serious mistake has been committed, through some accident, inadvertence, or misconception, his action may be reviewed.

On appeal and exceptions.    An appeal from a decree of the Judge of the Probate Court for the county of Piscataquis, made December 5, 1922, relieving one John E. Farnham from guardianship and restoring to him his property.    Exceptions also were taken pertaining to the admission of testimony.    Exceptions overruled.

The case is fully stated in the opinion.

*Leon G. C. Brown and J. S. Williams*, for appellants.

*C. W. & H . M. Hayes*, for appellee.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, WILSON, JJ.

PHILBROOK, J.    This case arises from proceedings instituted in the Probate Court of Piscataquis County.    By a decree of that Court dated September 7, A. D. 1920, John E. Farnham, then past eighty years of age, was adjudged to be a person of unsound mind who, by

reason of infirmity and mental incapacity, was incompetent to manage his own estate and to protect his rights. By the same decree his son, Elmer J. Farnham, was appointed guardian. The guardian died in May, 1922, and on July 24, A. D. 1922, the ward, declaring himself then to be capable of managing his own estate, and that a guardian was no longer necessary, presented to the Probate Court a petition praying that the remaining property be restored to him, except legal compensation to his guardian for his services. On this petition, notice thereon having been given pursuant to the order of court, a hearing was held and decree of the Probate Court was issued declaring that guardianship was no longer necessary and ordering restoration of his remaining property except legal compensation to his guardian for his services.

From this decree Blanche E. McKenzie and Bertha H. Littlefield apppealed to the Supreme Court of Probate. It appearing that the appellants are presumptive heirs of the ward, they are so interested in his estate that they have the right to claim an appeal from a decree affecting it. *Lunt* v. *Aubens*, 39 Maine, 392.

At the March Term of the Supreme Judicial Court, A. D. 1923, sitting as the Supreme Court of Probate, the appeal was heard by a justice of that Court without a jury. The presiding Justice affirmed the decree of the Probate Court. The appellants then presented a bill of exceptions, which was duly allowed, the stipulations of the exceptions being that the petition of dismissal of guardian, appeal and reasons of appeal, decree of Judge of Probate, and the testimony taken in the Supreme Court of Probate are made part of the exceptions.

Before the Law Court the appellants directed much of their argument to show error in the finding of the Supreme Court of Probate, declaring, as alleged in their bill of exceptions, that "the main question involved is whether the said John E. Farnham was, on the date of the petition, and now is 'capable of managing his own estate,' or, to state the issue exactly as the Revised Statutes set forth, Chap. 72, Sec. 4, is he or is he not 'a person insane or of unsound mind who, by reason of infirmity or mental incapacity, is incompetent to manage his own estate or to protect his rights'."

But this exception can only raise the question whether there was any evidence upon which the ruling and finding could be based. If there was any such evidence its sufficiency was a question of fact upon

which the finding of the court is conclusive, not to be reviewed by the Law Court. *Eacott, Appellant,* 95 Maine, 522. Such evidence being found in the record the appellants take nothing upon this branch of their exceptions.

The other branch of exceptions relates to the admission of certain parts of the testimony of a local doctor as the attending physician of John E. Farnham for the purpose of establishing his competency and mental capacity. Whether a medical witness is qualified to testify as an expert is a question of fact for the presiding Justice, and his decision of such a question is final, although in extreme cases, where a serious mistake has been committed through some accident, inadvertence, or misconception, his action may be reviewed. *Fayette* v. *Chesterville,* 77 Maine, 28. We see no reason to apply a different rule in determining, from all the testimony, whether a witness is or is not an attending physician. In the colloquy which ensued at the time the doctor's testimony was offered it is very plain that the presiding Justice considered this proposition very carefully and declared that the fact that the doctor was an attending physician was sufficiently established. We are not disposed to disturb this finding either upon law or fact.

*Exceptions overruled.*