ELBRIDGE L. FICKETT, Applt. from Decree of Judge of Probate.

Androscoggin.　Opinion September 29, 1926.

*The question as to whether a person should be placed under guardianship, and the selection of a person as such guardian, are within the sound judgment and discretion of the Justice hearing the case, and his judgment of the facts, and necessity and propriety of his conclusions, are not subject to exception.*

On exceptions. Helen E. Fickett petitioned for guardianship of her father, Elbridge L. Fickett, alleging unsound mind, infirmity and mental incapacity. A hearing was had in the Probate Court and the petitioner and another were appointed guardians, and the matter went to the Supreme Court of Probate on appeal where the appointment of the two guardians was reversed and Ralph W. Crockett appointed guardian, and exceptions were taken. Exceptions dismissed. Decree below affirmed.

The case is fully stated in the opinion.

*Frank A. Morey*, for petitioner.

*Ralph W. Crockett*, for appellant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ.

PHILBROOK, J. This is an appeal from a decree of a Judge of Probate adjudging the appellant to be a person of unsound mind who, by reason of infirmity and mental incapacity, is incompetent to manage his own estate or to protect his rights, and appointing Helen E. Fickett of Rockland, Massachusetts, his daughter and sole heir, and Frank A. Morey of Lewiston, Maine, guardians of said appellant. By agreement of the parties the cause was heard in vacation under R. S., Chap. 87, Sec. 37.

The Supreme Court of Probate ordered, adjudged and decreed that so much of the decree of the Judge of Probate whereby it was adjudged that the appellant is a person of unsound mind who, by reason of infirmity, is incompetent to manage his own estate or to protect his rights, be affirmed, and that as to other matters included in said decree, the same be reversed, and further adjudged and decreed

that Ralph W. Crockett of Lewiston, Maine, be appointed guardian of the appellant, and that the cause be remanded to the Probate Court for further proceedings in accordance with law.

To so much of the decree of the Supreme Court of Probate as adjudged the appellant to be a person of unsound mind who, by reason of infirmity, is incompetent to manage his own estate or to protect his rights, the daughter, Helen E. Fickett consents and agrees; but to so much of that decree as appoints Ralph W. Crockett as guardian of her father "the said Helen E. Fickett does except to and prays that her exceptions may be allowed."

The case is before us upon the exceptions brought up by Helen E. Fickett.

The determination of a question of guardianship, in the first instance, is submitted to the Probate Court and ultimately, if an appeal be taken, to the determination of a Justice of this court sitting as Judge of the Supreme Court of Probate. The statute imposes upon such Justice the duty of hearing and deciding the fact, whether the welfare of the person, for whom guardianship is sought, requires such guardianship. Such decision is to be arrived at by the exercise of the sound judgment and discretion of the Justice hearing the case. His decision is not a ruling of law, but his judgment of the facts and necessity and propriety of his conclusions. It is not subject to exception. The same rule obtains in the selection of a person to be that guardian, *Dunlap Appellant*, 100 Maine, 397.

The record discloses what the Justice below denominates as "unfortunate domestic affairs." After a careful examination of the testimony we not only agree with that language but unqualifiedly concur with his decree.

As in the *Dunlap Case*, supra, the entry must be,

*Exceptions dismissed.*
*Decree below affirmed.*