FRANK W. MORRISON & another *vs.* CHESTER S. JACKMAN & others.

Hampden.     December 10, 1936. — March 31, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Guardian. Probate Court,* Jurisdiction, Guardianship. *Insane Person.*

It is within the discretionary power of a probate court, upon a petition for the appointment of a guardian of an insane person, to delay the appointment of a guardian and to appoint a temporary guardian if it appears that the welfare of the insane person requires it.

PETITION, filed in the Probate Court for the county of Hampden on November 1, 1935, for the appointment of a guardian of Annie B. Jackman, an insane person.

The petition was heard by *Denison,* J., and a temporary guardian appointed. Frank W. Morrison and May P. Pettengill appealed.

*F. W. Morrison,* for the appellants.

*R. W. King, pro se,* submitted a brief.

PIERCE, J. This is an appeal from a decree of the Probate Court of Hampden County appointing on June 10, 1936, Robert W. King temporary guardian of Annie B.

Jackman, who was committed as insane to the Northampton State Hospital on September 24, 1925.

In February, 1925, Annie B. Jackman established a voluntary trust, naming The First National Bank of Boston as trustee. The amount of the trust is approximately $16,000. Thereafter she entered the Boston Psychopathic Hospital and remained there until she was committed to the Northampton State Hospital.

The original guardian of Annie B. Jackman was her brother, John H. Blodgett of Bellows Falls, Vermont, and a remainderman under the trust of February, 1925. Blodgett participated in the establishment of the trust. By the terms of his will, which was allowed by the Probate Court for the District of Westminster, Vermont, on September 9, 1935, he bequeathed his interest in the trust to his wife, Mary A. Blodgett. John H. Blodgett died on August 2, 1935. His account, as guardian, was rendered by his executrix (his widow) Mary A. Blodgett. This account began December 4, 1925, and ended August 2, 1935. On October 23, 1935, Mary A. Blodgett, with Frank W. Morrison, the attorney who drew the trust paper, petitioned the Probate Court to appoint her as guardian of Annie B. Jackman.

Mary A. Blodgett died prior to May 11, 1936, and her will was duly proved and allowed by the Probate Court for the District of Westminster, Vermont, on June 1, 1936. By her will, executed April 13, 1936, she bequeathed her interest in the Annie B. Jackman trust to the Trustees of the University of Vermont, and created a trust of $10,000 in certain named trustees, "to pay all of the income from said trust fund to my sister-in-law, Annie B. Jackman, or to expend said income for her benefit, during the term of her natural life and such income I hereby give and bequeath to the said Annie B. Jackman; outright and absolutely." The remainder, after the deduction of "a fair compensation for the services of said Trustees and all expenses of administration," she bequeathed to the Trustees of the University of Vermont "to be administered with the revolving 'Blodgett Loan Fund', established in paragraph

10" of the will. To May P. Pettengill, cousin to Annie B. Jackman, she gave certain specific legacies.

Citation was duly made on the petition of Mary A. Blodgett and Frank W. Morrison. On March 3, 1936, a "guardian *ad litem* or next friend" was appointed to represent the interest of Annie B. Jackman. The person so appointed accepted the position with its duties, and on March 10, 1936, filed a report as guardian *ad litem*. On June 10, 1936, a hearing was had on the petition dated October 23, 1935, and the testimony of the witnesses appears in the record. Mary A. Blodgett having died before this hearing, her attorney, Frank W. Morrison, who had joined with her in the petition, suggested to the court that May P. Pettengill, a cousin of Annie B. Jackman, be appointed guardian as she was a person interested in the estate of Annie B. Jackman. The Probate Court rejected this suggestion, for the reason that May P. Pettengill was not a suitable person, she being without experience in matters legal or financial, and decreed "that a temporary guardian be appointed of the person and estate of Annie B. Jackman, and that Robert W. King of said Springfield be appointed such temporary guardian, he first giving bond, with sufficient sureties, for the due performance of said trust." The petitioner Frank W. Morrison, and May P. Pettengill by her attorney Frank W. Morrison, thereupon appealed to this court from the decree of the Probate Court dated June 10, 1936.

The brief of the appellants indicates that the only objection to the appointment of the temporary guardian is that he intends through the Probate Court to test the validity of the voluntary trust. It is manifest the Probate Court has jurisdiction to appoint a guardian, or a temporary guardian, of an insane person, upon the petition of any person in interest, if it finds that the welfare of the insane person requires such immediate appointment. G. L. (Ter. Ed.) c. 201, §§ 14, 15. Whether on a petition for the appointment of a guardian there shall be an immediate appointment as prayed for or whether the selection of an

appointee shall be delayed, and a temporary appointment made, manifestly rests in the express or implied decision of the judge that the welfare of the insane person requires such an appointment. See *McKay* v. *Kean*, 167 Mass. 524, 526. We perceive no error in the appointment of Robert W. King as temporary guardian of Annie B. Jackman.

*Decree affirmed.*