JAMES E. HOGAN, APPELLANT.

FROM DECREES OF JUDGE OF PROBATE IN RE PATRICK T. HOGAN.
(2 cases)

Cumberland.    Opinion, October 15, 1937.

*Henry C. Sullivan,*
*John M. Curley,* for appellant.
*Joseph E. F. Connolly,* for appellee.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   At a term of the Probate Court held in and for Cumberland County, the petition of Patrick T. Hogan for the appointment of a conservator of his estate was granted and the petition of his brother James E. Hogan that he be placed under guardianship was denied. On appeal, the decrees below were affirmed. The cases come forward on exceptions reserved in the Supreme Court of Probate.

The bill of exceptions shows that Patrick T. Hogan, an elderly man of somewhat limited mental capacity, having inherited about fifty thousand dollars from an older brother recently deceased, deems himself unfitted by reason of infirmities of age and physical disability to manage his estate with prudence and understanding and petitions for the appointment of a highly respected and eminent member of the local bar as his conservator. No question is raised as to the ability and integrity of the conservator selected or his fitness for the performance of the duties imposed upon him. The claim of the appellant is that the petitioner is of unsound mind, incompetent to make application in his own behalf for a conserva-

tor, and a proper subject only for guardianship. The ward, as for convenience we may term Patrick T. Hogan, denies the charge of insanity and incompetency made by his brother and objects to the appointment of a guardian.

The transcript of evidence taken out in the Supreme Court of Probate shows that the ward is and always has been a person of less than average intellect, illiterate, never particularly industrious and not always sober. Through life he has been more or less cared for and dominated by his older brothers, has never had substantial sums of money at his disposal, and is without business experience. He is now about eighty years of age and is suffering from hardening of the arteries, eczema and incurable psoriasis. It is the opinion of a specialist in mental diseases that he is weak-minded but not of unsound mind. The Superintendent of the Augusta State Hospital, a psychiatrist of note, after a most careful and extended examination of the ward, relates in detail the many questions asked and answers given and is positive in his opinion that the man is not insane but his normal mental faculties are slowed up and diminished by his senility. The testimony of the ward, who was carefully examined and cross-examined by opposing counsel, tends to confirm the conclusions reached by these experts.

Upon this state of facts, the question of whether a guardian or a conservator should be appointed for Patrick T. Hogan was addressed to the sound judgment and discretion of the Justice presiding in the Supreme Court of Probate. The welfare of the ward was the controlling consideration. The discretionary power of the Probate Court in the matter of the appointment of a guardian is well settled. *Fickett, Appellant,* 125 Me., 430, 134 A., 544; *Dunlap, Appellant,* 100 Me., 397, 61 A., 704. No different rule can apply when the appointment of a conservator is sought, as the proceeding is but a voluntary application for a guardian with limited powers, dignified under the law by another name.

If the Justice below had deemed it for the best interests of the ward, he could have appointed a guardian for him on his brother's petition. The statute now in force authorizes the appointment of guardians for "all persons, including those insane or of unsound mind, and married women, who, by reason of infirmity or mental in-

capacity, are incompetent to manage their own estates or to protect their rights." R. S., Chap. 80, Sec. 4. There is abundant proof in this record that Patrick T. Hogan, although neither insane nor of unsound mind, was by reason of infirmity and some mental incapacity incompetent to manage his own estate.

We are convinced, however, that it was a proper exercise of discretion to allow the ward to have a conservator. This permitted him to obtain competent assistance in the management of his estate without sacrificing either his independence or self-respect. It carried no imputation of unsound mind or surrender of his continued control of his own person, against which he protested throughout the entire proceedings. The appointment of a conservator is authorized "whenever any person shall deem himself unfitted, by reason of infirmities of age or physical disability, to manage his estate with prudence and understanding." R. S., Chap. 80, Sec. 9. The conservator, so appointed is required to give bond, and all provisions of law relating to the management of estates of adult persons under guardianship apply. There can be no doubt that either a guardian or a conservator may be appointed for an adult person of sound mind but unfitted or incompetent to manage his own estate by reason of infirmities of age or physical disability. If such a person has sufficient mental capacity to understand the nature and consequences of his application for a conservator, his wishes, if conducive to his welfare and particularly his contentment of mind, may properly be given great weight in determining which appointment is to be made. The decision of the Justice below that Patrick T. Hogan was mentally competent to make application for a conservator has abundant support in the evidence. So, too, with the finding that he is unfitted to manage his estate by reason of infirmities of age and physical disability. The psychiatrist testifies that senility slows up or causes a loss of acquired knowledge and experience, and diminishes the capacity of the mind, and that eighty, this man's age, is well along in the senile period. Hardening of the arteries, as found by his family physician, indicates mental and physical infirmity directly attributable to old age. That physical degeneration, complicated as it is here by skin afflictions producing open running sores on the legs, of necessity disables the man to some degree. The

appellant's claim that old age and disease have not impaired Patrick T. Hogan's normal mind and body must be rejected. His present condition of infirmity and disability can, on this record, be attributed to the ravages of senility and disease upon a once sound body but a weak mind.

In support of his petition for the appointment of a guardian, the appellant in the Supreme Court of Probate offered a certified transcript of the testimony of Patrick T. Hogan given at the original hearing in the Probate Court as bearing upon his sanity, and it was excluded. The reasons for the ruling are not indicated. Exception to it is the only error alleged in the bill of exceptions filed in that proceeding. Although technically the evidence seems to be admissible, we are not convinced that its exclusion was prejudicial.

The general rule is well settled that whenever the sanity of a person is in issue, his conversations, declarations, claims and acts are admissible and the most satisfactory evidence of the real state of his mind. They are not taken as evidence of truth of the matter stated, but only as bearing upon his mental condition. 1 Wigmore on Evidence, Sec. 228 and cases cited. See also *Robinson* v. *Adams*, 62 Me., 369, 413; *Wilkinson* v. *Service*, 249 Ill., 146, 94 N. E., 50; *Lane* v. *Moore*, 151 Mass., 87, 89, 23 N. E., 828. The rule is applied in a very similar case to that at bar in *Cogan* v. *Cogan*, 202 Mass., 58, 88 N. E., 662. There, in a proceeding for the appointment of a guardian for an alleged insane person, evidence of what he had testified to at the hearing in the Probate Court was held admissible on appeal as bearing upon the question of his insanity although he was present, called as a witness and testified as such.

The testimony of the ward in the Probate Court is brought forward and is here for examination. Read in its entirety, it tends to support rather than refute the finding that the man was of sound mind. We find no ground upon which it can be held that its rejection was prejudicial.

Although the appellant in his bill of exceptions in the conservatorship proceeding recites several contentions made in the Supreme Court of Probate, the single exception perfected is

"to the finding of the presiding Justice that Patrick T. Hogan was a person who was unfitted, by reason of infirmities of

age and/or physical disability, to manage his estate with prudence and understanding.*"

The finding on that issue, as already stated, is supported by the evidence. The sufficiency of the proof can not be reviewed on exception. *McKenzie* v. *Farnum*, 123 Me., 152, 122 A., 186.

The entry in each case is

*Exception overruled.*