JOHN M. BASHAW & another vs. GEORGE F. WILLETT (and a companion case[1]).

Norfolk. December 6, 1950. — May 9, 1951.

Present: QUA, C.J., WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Insanity. Guardian,* Of insane person, Temporary guardian. *Probate Court,* Jury issues. *Constitutional Law,* Trial by jury.

On reported evidence taken at a hearing held in a Probate Court without notice to the respondent on a petition for the appointment of a temporary guardian of him as an insane person under G. L. (Ter. Ed.) c. 201, § 14, there was no error in a decree reciting findings that he was an insane person and incapable of taking care of himself and appointing a temporary guardian.

The respondent in a petition in a Probate Court for the appointment of a guardian of him as an insane person under G. L. (Ter. Ed.) c. 201, § 6, does not have a constitutional right to trial by jury of the issues of his sanity and ability to take care of himself.

Two PETITIONS, filed in the Probate Court for the county of Norfolk on October 21, 1949, for appointment of a guardian and a temporary guardian.

The petition for appointment of a temporary guardian was heard by *Reynolds,* J. A motion for jury issues on the petition for appointment of a guardian was heard by *Hickey,* J.

*P. B. Buzzell,* for the respondent.

*J. M. Bashaw,* for the petitioners.

COUNIHAN, J. On October 21, 1949, two petitions were filed in the Probate Court, one under G. L. (Ter. Ed.) c. 201, § 6, for the appointment of a guardian of George F. Willett, "an insane person and incapable of taking care of himself," and another under G. L. (Ter. Ed.) c. 201, § 14, for the appointment of a temporary guardian of said George F. Willett, "an insane person and incapable of taking care

---

[1] The companion case is by Francis W. Willett and another against George F. Willett.

of himself." On the same day, after a hearing of which George F. Willett had no notice, the judge entered a decree containing findings that he was an insane person and incapable of taking care of himself, and appointing a temporary guardian. From this decree the respondent appeals. The evidence is reported.

On January 9, 1950, the respondent filed a motion for trial by jury of certain issues of fact arising upon the petition for the appointment of a guardian and asked that the following issues be framed: "1. Is the said respondent, George F. Willett, an insane person? 2. Is the said respondent, George F. Willett, incapable of taking care of himself?" From a denial of this motion he appeals. The motion was heard by the judge on statements of counsel for all parties. No evidence was offered. The statements of counsel are reported.

We first consider the appeal from the decree appointing a temporary guardian. Under G. L. (Ter. Ed.) c. 201, § 14, the Probate Court, if it finds that the welfare of an insane person requires the immediate appointment of a temporary guardian of his person or estate, may appoint a temporary guardian with or without notice. Here the judge found that the respondent was an insane person and incapable of taking care of himself, and appointed a temporary guardian of the respondent.

With the exception of the brief findings recited in the decree, the judge made no findings of fact but his decree imports a finding of every fact essential to support it. We consider the case according to our judgment of the evidence, giving due weight to the express and implied findings of the judge. *Attorney General* v. *Woburn*, 322 Mass. 634, 635. *Carmichael* v. *Carmichael*, 324 Mass. 118, 119.

The report of the evidence discloses that a qualified neuropsychiatrist testified that in his opinion the respondent was insane within the following definition of insanity as given by him: "a condition of an individual where disturbances of the mental type are of sufficient degree to interfere with his balance, [his] normal judgment."

The necessity to protect the person and property of an insane person until the question of the appointment of a guardian has been determined has been long recognized by the appointment of a temporary guardian without notice. *Bumpus* v. *French*, 179 Mass. 131. The factors there discussed and the reasoning of that case apply with equal force to the situation here. There was no error in the decree appointing a temporary guardian.

We next consider the denial of the motion to frame jury issues upon the petition for the appointment of a guardian of the respondent. The respondent asserts that he has a constitutional right to a jury trial on the issues of sanity and ability to take care of himself. He admits that this question has not been passed upon in Massachusetts and we have found no case where this question has been raised. However, in *Cogan* v. *Cogan*, 202 Mass. 58, at page 61, it was said that a motion for framing issues on a petition for the appointment of a guardian of the respondent as an insane person is addressed to the discretion of the judge. It is true that the question of the constitutional right of a person to have issues framed so that a jury may pass on his sanity was not raised or discussed. See *Ashley* v. *Three Justices of the Superior Court*, 228 Mass. 63, 76. Subsequently in *Fuller* v. *Sylvia*, 240 Mass. 49, there was a full discussion by the late Chief Justice Rugg of the right to a jury trial upon issues arising in the ordinary course of Probate Courts under our system of division of judicial powers. There it was held that trial by jury in such cases is not a matter of right but "'rests in the usages and discretion of the court.' *Davis* v. *Davis*, 123 Mass. 590, 593." At pages 52–53 he said, "The practice established by the Supreme Judicial Court under this branch of its jurisdiction has been to frame issues for trial to a jury only in cases involving the probate of wills. . . . Questions of the appointment and removal of administrators, guardians and conservators . . . require the sympathetic wisdom of an experienced judge, rather than the decision of a jury."

Article 15 of the Declaration of Rights of the Constitution

of the Commonwealth provides that the right to trial by jury shall be held sacred "except in cases in which it has heretofore been otherways used and practised." We are not convinced by the arguments of counsel for the respondent or by the cases cited in his brief that one alleged to be an insane person was entitled as of right to a trial by jury as to his sanity prior to the adoption of the Constitution of our Commonwealth in 1780. To adopt his theory would be to ignore what has been the long held understanding in this Commonwealth.

We assume without deciding that, as the appellant has argued, the allowance of such a motion for jury issues as was here presented was within the discretion of the trial judge. There would appear to be but one question involved, that is, the mental condition of the respondent, and this would be largely determined on medical testimony. The statement of counsel for the respondent appears to refer to many matters which could have no bearing on the mental condition of the respondent and therefore would be immaterial.

There was no error in denying the motion for jury issues.

*Decrees affirmed.*