*Southern Division*

## LOIS M. PHILLIPS, PET'R.

### v.

## CHESTER S. PHILLIPS, RESP'T.

*Welch, J.* This is a petition brought by Lois M. Phillips under the provisions of G. L. (Ter. Ed.) c. 273A, as amended by Acts of 1954, c. 556, known as the Uniform Reciprocal Enforcement of Support Act.

At the trial no evidence was offered in support of the petition by the petitioner or by anyone in her behalf. The respondent was duly summoned and was present in Court. The judge ordered the respondent to take the stand and testify, and he did so. The respondent objected and made a claim for a report.

The evidence was that the petitioner is a resident of Maine and the respondent is a resident of New Bedford, Massachusetts. The parties had been married to each other and had four children who are minors. They were later divorced in Maine. The respondent is employed and earns between $55 and $60 a week net. The petitioner is believed to be employed in Maine.

No service of this proceeding was made on the respondent in Maine. When it was started he was a resident of Massachusetts. He was not notified of this proceeding in the State of Maine and was not given

any opportunity to present any defence to this action in that state.

The respondent duly filed the following requests for rulings:

1. The burden is on the petitioner to prove the allegations in her petition.

2. The respondent cannot be compelled to testify against himself.

3. The burden is on the petitioner to prove that the respondent owes a duty to support Chester S. Phillips, Jr., Joyce E. Phillips, Lois E. Phillips, Charles F. Phillips, or either of them.

4. The pleadings in this case are not evidence.

5. The burden is on the petitioner to prove the allegations in her petition beyond a reasonable doubt.

6. The respondent has a right to confront the petitioner and to cross examine the petitioner.

7. The respondent has the right to cross examine the petitioner as to the needs of the alleged dependents named in the petition.

8. There is no evidence in this case that the State of Maine had jurisdiction of the Respondent.

9. The petition is illegal for the reasons that

a. The respondent was never served in Maine, either before or after this proceeding was started by the petitioner.

b. The State of Maine never had jurisdiction of the respondent either before or after this proceeding was started.

c. The alleged order of the Maine Court allegedly signed by Harold C. Marden, Justice of the Superior Court of Maine is defective and void because it is not properly dated.

d. The respondent never had notice of this proceeding in Maine and was not given an opportunity to present any defense to the action started by the petitioner in the State of Maine.

10. The petitioner has not proved that the respondent is able to support the alleged dependents named in the petition.

The Court allowed request No. 4 and denied the others.

The trial judge found the facts as stated above and further found that the respondents' expenses run higher than his present earnings and he is constantly running behind in his obligations. He further stated "I must rule that the respondent had a primary obligation to support his four children from his former marriage and he was aware of this obligation when he married for the second time. His first obligation should not be prejudiced by his decision to take on further obligations by his remarriage and rearing of a new family.

"The order of the Superior Court of Maine which is still in effect ordering that he pay $15 per week for the support of the four children is a reasonable one and I therefore feel that a like order should be entered in this proceeding."

The respondent claims to be aggrieved by the denial of his requests for rulings and by the fact that he was compelled to testify against himself.

We think there was no error.

St. 1954, c. 556 rewrote G. L. (Ter. Ed.) c. 273A and became effective October 1, 1954. It transferred the jurisdiction of civil proceedings under the chapter from the Probate Courts to the District Courts of the Commonwealth. §8.

■ It is the contention of the respondent that the Act is criminal in nature. We do not Agree. §3, which amends §19 of Chapter 218 of the General Laws, provides that "District Courts shall also have jurisdiction of civil proceedings under chapter two hundred and seventy-three A," and §9 provides that any party aggrieved by any ruling of law, may as of right have such ruling reported for determination by the Appellate Division of the District Court in which the proceeding is commenced. The Appellate Division is established only for the rehearing of matters of law arising in civil causes. G. L. c. 231, §108.

▮ The respondent argues that the Court erred in compelling him to take the stand and testify against himself. However, the proceeding being of a civil and not a criminal nature, he could be properly called and examined as a witness, and no constitutional right of his was thereby invaded. *Cogan v. Cogan,* 202 Mass., 58, 61.

▮ The respondent also contends that the petition is illegal because the respondent was never served in Maine either before or after this proceeding was started and that the State of Maine never had jurisdiction of the respondent either before or after this proceeding and the respondent never had notice of this proceeding in Maine and was not given an opportunity to present any defence to the action started by the petitioner in that State. This argument is not valid. When the petitioner was brought in Maine the respondent was a resident of Massachusetts. The Act provides in §8 that if the court in Maine finds that the petition sets forth facts from which it may be determined that the respondent owes a duty of support, and that a court in Massachusetts may obtain jurisdiction of the respondent it shall so certify and cause certified copies of the petition and the certificate to be transmitted to the Commonwealth. When these copies are received by the District Court in this Commonwealth which has jurisdiction of the respondent, the local court must take appropriate steps to obtain jurisdiction of the respondent by personal service and schedule the matter for a speedy hearing. §9.

There was strict compliance with the requirements of the statute and it was not necessary to serve the respondent in Maine, give him notice in Maine or give him an opportunity to present a defence to the petition in that State.

There being no prejudicial error the report is dismissed.