(No. 34258.—

GERTRUDE MACDONALD, Appellant, *vs.* LA SALLE NATIONAL BANK, Conservator, *et al.,* Appellees.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

GERTRUDE MACDONALD, *pro se,* appellant.

NICHOLSON, NISEN & ELLIOTT, of Chicago, (JOHN R. NICHOLSON, and CHARLES M. NISEN, of counsel,) for appellee La Salle National Bank.

CLARENCE E. FOX, *amicus curiae.*

MR. JUSTICE HERSHEY delivered the opinion of the court:

After a jury trial in the probate court of Cook County, Gertrude Macdonald was found to be an "incompetent person," "incapable of managing and controlling her estate," and the court appointed a conservator for her, letters of conservatorship being issued on March 30, 1938, to the Metropolitan Trust Company. Seventeen years later, on May 13, 1955, she filed a petition in the same court, alleging that the court lacked jurisdiction to enter the previous order and asking that it be vacated and the successor conservator, LaSalle National Bank, be discharged. The petitioner's position was that the statute under which the court purported to act was unconstitutional.

The probate court dismissed the petition. On appeal to the circuit court, the petition was again dismissed. The appeal comes directly to this court on the theory that a constitutional question is involved.

That part of the general statute relating to the appointment of conservators to which the petitioner directs her attack reads as follows: "The word 'incompetent', as used in this Act, shall include every person who by reason of any mental or physical incapacity or incompetency is incapable of managing and caring for his estate." (Ill. Rev. Stat., 1937, chap. 86, par. 53.) She asserts that this provision authorizes the appointment of a conservator for one

who is only "physically" incompetent, and is therefore violative of the due-process clauses of the Federal and Illinois constitutions.

In our opinion, the petitioner is not entitled to prevail, because (1) there is nothing to show that the probate court interpreted or applied the statute in the manner alleged, and (2) the statute, properly construed, is constitutionally valid.

First, the record shows strict compliance with the statutory requirements regarding the initial petition, the issuance and service of summons, and jury trial. Moreover, there is nothing to demonstrate that the incompetence of the petitioner was or is "physical." Indeed, the contrary is indicated. For she was found by the jury in 1938 to be "incapable of managing and controlling her estate," she lived fourteen years in an institution for the feeble minded, and both of the trial judges (who saw her in 1955 and 1956) expressed doubt as to her present mental ability to handle her own affairs. Nowhere in the record is it suggested that she has any physical disability.

Failing to show that the court undertook to adjudge her incompetent because of a physical incapacity, she fails to show wherein the alleged statutory defect adversely affected her.

Second, the provision, properly construed, is constitutionally valid.

The test which is universally applied in determining judicially whether a conservator should be appointed is whether the person is capable of managing his own affairs. (See *e.g., Snyder* v. *Snyder,* 142 Ill. 60; *Kutzner* v. *Meyers,* 182 Ind. 669; *In re Coburn,* 165 Cal. 202; *In re Thoreson's Guardianship,* 72 N. Dak. 101, 4 N.W.2d 822; *Appeal of Hogan,* 135 Maine 249, 194 Atl. 854; *Appeal of Wentz,* 76 Conn. 405, 56 Atl. 625; *Shapter* v. *Pillar,* 28 Colo. 209, 63 Pac. 302; *In re Barker,* (N.Y.) 2 Johns Ch. 232; *Calderon* v. *Martin,* 50 La. Ann. 1153, 23 So. 909). The statute under consideration adopts this test also, since it

provides expressly that before "mental or physical incapacity or incompetency" is sufficient to permit the appointment of a conservator it must render the person "incapable of managing and caring for his estate."

Courts have traditionally intervened, either on the basis of inherent judicial authority or pursuant to statutory authorization, to protect those unable to protect themselves; *i.e.,* those who are incapable of caring for themselves or managing their own affairs. (See, *e.g.,* 25 Am. Jur., Guard- and Ward, sec. 23; 28 Am. Jur., Insane and Other Incompetent Persons, sec. 25). In recognition of this, the Illinois constitution authorizes the legislature to establish probate courts having "original jurisdiction of * * * the appointment of guardians and conservators," (art. VI, sec. 20); and the Illinois legislature has provided for such courts. Moreover, the legislature has from time to time established various procedures, incorporating in some form the test discussed above, to guide probate courts in the exercise of this necessary judicial function. The validity of statutes of this type has repeatedly been upheld against constitutional objections.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*