LAWRENCE B. RUSSELL & another *vs.* ROBERT D. RUSSELL. LAWRENCE B. RUSSELL *vs.* SAME. January 7, 1958. Decrees affirmed. These are two appeals by the respondent from two decrees entered in the Probate Court, one appointing a guardian under G. L. (Ter. Ed.) c. 201, § 6, as appearing in St. 1956, c. 314, § 2, and a second denying a petition to appoint a conservator under G. L. (Ter. Ed.) c. 201, § 16, as appearing in St. 1945, c. 728, § 2. The ward, fifty-two years of age, has been a voluntary patient at the McLean Hospital, an institution for the treatment of the insane, since he arrived there at three o'clock on the morning of June 2, 1956. He had been previously hospitalized in mental institutions. He is suffering from delusions and from a

Rescripts.

mental illness which has been diagnosed as "Schizophrenia Reaction — Type Undifferentiated," and needs continued medication and psychiatric treatment for at least one more year at the hospital. The judge was not plainly wrong in finding that the ward "is so mentally ill that he cannot handle his own affairs and he needs not only a guardian of his property but also a guardian of his person." *Bashaw* v. *Willett*, 327 Mass. 369. *Willett* v. *Willett*, 333 Mass. 323. The appointment of a guardian was appropriate and obviated the necessity of the appointment of a conservator. There was no error in the admission of a writing signed by the respondent consenting to the appointment of a guardian. There was a question in the mind of the physician who attended the respondent as to his competency to sign. Counsel appearing in behalf of the respondent could have requested the judge to admit the evidence only de bene depending upon what the rest of the evidence would show as to Russell's mentality before making a final ruling on the admission of the paper. An inference could be drawn that one who understandingly subscribes to the appointment of a guardian is not so lacking in mentality as to require such an appointment — a position not prejudicial to that taken by the objecting counsel.

*Daniel G. Rollins, (Edward M. Rowe* with him,) for the respondent.
*Russell J. Coffin,* for the petitioners.