TAIMI ELEANOR SALMINEN *vs.* WARREN K. BRAUCHER.

Worcester.   September 26, 1960. — November 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Guardian,* Temporary guardian, Guardian of minor. *Probate Court,* Guardian. *Minor.*

No error in a decree of a Probate Court dismissing a petition by the mother of a child for revocation of an appointment of the director of a charitable organization as temporary guardian of the child appeared on the findings of the judge, including a finding that it was "for the best interest and welfare of the child that the temporary guardian continue in office" pending adoption of the child to which the mother had already consented.

PETITION, filed in the Probate Court for the county of Worcester on August 24, 1959.

The case was heard by *Wahlstrom, J.*

The case was submitted on briefs.

*Harry Zarrow,* for the petitioner.

*Seward B. Brewster & Laurence H. Lougee,* for the respondent.

WILLIAMS, J.   This is an appeal from a decree of the Probate Court entered on October 2, 1959, dismissing the petition of Taimi Eleanor Salminen, mother of Warren Salminen, a minor, that a decree of the court appointing the respondent, Warren K. Braucher, temporary guardian be revoked and that the petitioner be appointed guardian. The child was born June 28, 1954, and on September 17 fol-

lowing Braucher, who was executive director of the Worcester Children's Friend Society, a charitable organization authorized to sponsor adoptions and to place children in foster homes, was appointed temporary guardian. The mother was then a patient in the Worcester State Hospital. The record says nothing about the father. The child was in a foster home where he had been placed by the society.

In a report of material facts the judge found that by reason of the condition of the mother it had been wise and expedient to appoint a temporary guardian without notice. He found that the mother was not qualified to have the child in her custody; that she was not interested in the child; that if she had custody she would have no home in which to place him; and that she would allow the child to remain in his present home or would place him in some other home. The society has placed the child with a husband and wife of excellent character and reputation who are desirous of adopting the boy and on February 4, 1958, the mother consented in writing and authorized the society "to place the child for adoption." "[I]t is for the best interest and welfare of the child that the temporary guardian continue in office until the child has been adopted in accordance with the wishes and consent of his mother."

There was no error in dismissing the petition for revocation of the decree. The appointment of Braucher as temporary guardian either with or without notice was authorized by G. L. (Ter. Ed.) c. 201, § 14, as amended. See *Morrison* v. *Jackman,* 297 Mass. 161, 163–164; *Bashaw* v. *Willett,* 327 Mass. 369, 371. No valid reason is advanced for interfering with the guardianship.

*Decree affirmed.*