GREGORY E. MACDONALD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Macdonald v. Commissioner
Docket No. 1079-73
United States Tax Court
T.C. Memo 1976-80; 1976 Tax Ct. Memo LEXIS 324; 35 T.C.M. (CCH) 346; T.C.M. (RIA) 760080; March 16, 1976, Filed Gordon J. *325 Arnett, for the petitioner. Paul G. Topolka, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the taxable year 1970 in the amount of $616.91. The issues presented for decision are(1) whether petitioner is entitled to a deduction for real estate taxes on the property located at 1462 Ridge Avenue, Evanston, Illinois, and (2) whether petitioner is entitled to a dependency exemption for his brother, George Macdonald, for the taxable year 1970. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Gregory E. Macdonald, resided at 1462 Ridge Avenue, Evanston, Illinois (sometimes referred to as the Ridge Avenue property) at the time his petition was filed herein. Petitioner filed his 1970 income tax return with the internal revenue service center in Kansas City, Missouri. Gertrude Macdonald (Gertrude) is petitioner's aunt and she resided with petitioner at 1462 Ridge Avenue, Evanston, Illinois, during 1970. Petitioner's mother, Jean Macdonald, and his brothers, Robert and George, also resided with petitioner *326 at the same address. The La Salle National Bank of Chicago, Illinois, was appointed Conservator of the Estate of Gertrude Macdonald, An Incompetent, in October 1951 and has continued to act as conservator from its appointment until the date of the trial herein. On January 6, 1960, the Circuit Court of Cook County entered a decree finding that the Ridge Avenue property belonged to Gertrude and directing that this real estate be conveyed to her. This decree was upheld by the Supreme Court of Illinois in La Salle Nat. Bank v. MacDonald,27 Ill. 2nd 171, 188 N.E. 2d 664 (1963). Pursuant to the decree, a Master's Deed, dated June 4, 1963, was issued conveying the Ridge Avenue property to La Salle National Bank as conservator of the Estate of Gertrude Macdonald, An Incompetent. The La Salle National Bank has continuously held the Master's Deed for the Ridge Avenue property as an asset of the Estate of Gertrude Macdonald, An Incompetent, from 1963 to the date of trial. On June 16, 1970, the Circuit Court of Cook County, Illinois, Probate Division entered an order, providing, inter alia, that the La Salle National Bank, as conservator of the Estate of Gertrude Macdonald, *327 An Incompetent, be given leave to file a petition for an order that Jean Macdonald, Robert Macdonald, and Gregory Macdonald pay rent for their use and occupancy of the Ridge Avenue property. On July 27, 1970, the same court entered the following order: This estate coming on to be heard upon the petition of La Salle National Bank, successor conservator of this estate, filed on June 16, 1970, and upon the answer of Jean MacDonald, Robert MacDonald and Gregory MacDonald filed in reply to the said petition, and the court being advised in the premises: Finds: that the incompetent, Gertrude MacDonald is the sole owner of the real estate commonly known as 1462 Ridge Ave., Evanston, Illinois, and is now residing in the same; that Jean MacDonald Robert MacDonald, and Gregory MacDonald are now and have been for sometime past residing on the said premises and have not and are not paying rent for their use and occupancy: that the La Salle National Bank, as successor conservator of this estate, is now and has been for sometime past without funds or property to support and maintain the incompetent: that the said Jean MacDonald, Robert MacDonald and Gregory MacDonald have been and are now supporting *328 the incompetent, have paid the general real estate taxes on the said property; made required repairs and paid insurance, if any, on the premises, now therefore, it is Ordered (1) that Jean MacDonald, Robert MacDonald, and Gregory MacDonald may continue to occupy the said real estate at 1462 Ridge Ave., Evanston, Illinois, without payment of rent for their use and occupancy (2) the said Jean MacDonald, Robert MacDonald and Gregory MacDonald, from their own funds, shall support and maintain the incompetent, pay the general real estate taxes on the property, pay insurance premiums and for all needed repairs (3) the payments heretofore made by Jean MacDonald, Gregory MacDonald and Robert MacDonald for support of the incompetent, taxes and repairs on the property are hereby waived and Jean MacDonald, Robert MacDonald and Gregory MacDonald are denied reimbursement therefor (4) the La Salle National Bank, as successor conservator, shall take no action for payment of rent against the said Jean MacDonald, Robert MacDonald and Gregory MacDonald as long as they shall comply with the provisions of this order (5) that this order is without prejudice to the pending petition of the La Salle *329 National Bank as successor conservator to sell the said real estate at 1462 Ridge Ave., Evanston, Ill. In 1970, petitioner paid real estate taxes on the Ridge Avenue property in the amount of $2,971.47. Respondent disallowed petitioner's deduction of these taxes on the grounds that petitioner did not own the subject property. During 1970 petitioner's brother, George Macdonald (George) was 22 years of age and was a full time student at Ohio State University, Columbus, Ohio. George's gross income from wages in 1970 was $1,053.84. Petitioner claimed George as a dependent on his 1970 income tax return. The dependency exemption was disallowed by respondent. OPINION The first issue is whether petitioner is entitled to deduct $2,971.42 in real estate taxes which he paid on the Ridge Avenue property. While section 164(a) [1] allows a deduction for real estate taxes paid in the taxable year, this item is generally deductible only by the person on whom the liability is imposed. Magruder v. Supplee,316 U.S. 394 (1942); Edward C. Kohlsaat,40 B.T.A. 528 (1939); Virginia M. Cramer,55 T.C. 1125 (1971); section 1.164-1(a), Income Tax Regs. *330 In Illinois real estate taxes are a personal liability of the owner of the property. Ill. Ann. Stat. ch. 120, sec. 508a (Smith-Hurd 1970). Cf. People ex rel. McCullough, v. Ladies of Loretto,246 Ill. 403; 92 N.E. 908 (1910); People ex rel. Pearsall, v. Catholic Bishop of Chicago,311 Ill. 11; 142 N.E. 520 (1924). There is no question that Gertrude rather than petitioner is the owner of the Ridge Avenue property. The Supreme Court of Illinois in La Salle Nat. Bank v. MacDonald,supra, specifically upheld a decree entered by the Circuit Court of Cook County, finding that this real property belonged to Gertrude. Since the ownership status of the property remained unchanged [2] at least through 1970, the decision of the Supreme Court of Illinois on the ownership issue is conclusive. Commissioner v. Estate of Bosch,387 U.S. 456 (1967). [3] In addition, petitioner has not produced any evidence tending to show that he himself had an ownership interest in the property. We therefore *331 find that Gertrude was the sole owner of the Ridge Avenue property during 1970. Petitioner next contends that since the July 27, 1970 order of the Cook County *332 Circuit Court provided that the expenses of the Ridge Avenue property--including taxes--were to be paid by him, his mother, and his brother, he should be able to deduct those taxes. However, the order resolved a controversy over the obligation of petitioner, his mother, and his brother to pay rent for occupying the Ridge Avenue property. The order imposes an obligation to support Gertrude Macdonald that, when the terms of the order are considered in toto, is in the nature of rent, or at least in lieu of rent. One of Gertrude Macdonald's expenses that petitioner assumed pursuant to the order, was the obligation of Gertrude Macdonald to pay taxes on the property she owned and occupied with petitioner. The fact that the expenses of Gertrude Macdonald were assumed pursuant to a court order simply reflects the fact that Gertrude Macdonald's property was being managed by a conservator subject to the jurisdiction of the Probate Court. It has long been settled that in order for real estate taxes to be deductible, the obligation for payment must arise from an interest in the property on the basis of which the tax law creates the obligation for taxes and not created pursuant to some third *333 party arrangement. Eugene W. Small,27 B.T.A. 1219 (1933). Certainly, if this arrangement were worked out by the petitioner and Gertrude, petitioner would clearly not be entitled to the deduction. That Gertrude's property was being managed by a conservator and the arrangements were worked out in the Probate Court should not change the result. We therefore hold that petitioner is not entitled to deduct the real estate taxes paid on the Ridge Avenue property in 1970. The second issue is whether petitioner is entitled to a dependency deduction for his brother George. During the taxable year 1970, section 151(e) (1) provided for an exemption of $625 for each of the taxpayer's dependents. The term "dependent" is defined to include certain individuals, over one-half of whose support was received from the taxpayer. Section 152(a) (3) includes the brother of the taxpayer among the qualifying individuals. Section 151(e), however, provides that the exemption may only be taken for those dependents with a gross income of less than $625 for the applicable period or who was a child of the taxpayer (1) under 19 years of age or (2) a student. [4]
*334 Although George was a student during 1970 he was not a "child" of petitioner. The question, therefore, is whether George had gross income greater than $625. Petitioner stipulated that George earned $1,053.84 gross income from wages in 1970, but he now contends that George's earnings for that year cannot be determined. Petitioner then concludes that he is entitled to the exemption. Petitioner argues that since his brother George is missing in action in Laos, and George expressed an intention to amend his return to show a lower income figure, any decision regarding George's return should be postponed until his status is ascertained. We find petitioner's argument to be unpersuasive. First, it is petitioner's return and not George's with which we are concerned. The evidence in the record is more than sufficient to show that petitioner's brother had gross income of greater than $625 in 1970. George's own income tax return shows gross income of $1,053.84. George's wage and tax statement for 1970 (W-2) reflects the same information. Petitioner's return also states that George earned more $625than during 1970. Finally, petitioner stipulated that George's income for 1970 was $1,053.84. *335 In light of these facts we cannot conclude that George's income for that year was less than $625. We therefore hold that petitioner is not entitled to take a dependency exemption for George on his 1970 return. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner suggests that the decision of the Illinois Supreme Court was altered in some way by the order entered by the Circuit Court of Cook County, Probate Division on July 27, 1970. In fact, this order, quoted in full supra,↩ found specifically that Gertrude was the sole owner of the property located at 1462 Ridge Avenue, Evanston, Illinois. 3. Petitioner argues that there was fraud in the 1938 determination of Gertrude's incompetency, and that any subsequent judicial action relating to Gertrude and her property are thereby rendered nugatory. First, whether Gertrude was unfairly declared incompetent to handle her affairs is a question for the Illinois courts to decide. We do note, in fact, that issues relating to Gertrude's incompetency were decided by the Illinois Supreme Court in MacDonald v. La Salle National Bank,11 Ill. 2d 122↩, 142 M.E.2d 58 (1957). More importantly, we fail to perceive what bearing Gertrude's competency has on the issue of whether or not she in fact owns the property.
4. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (e) ADDITIONAL EXEMPTION FOR DEPENDENTS.-- (1) IN GENERAL.--An exemption of $625 for each dependent (as defined in section 152)-- (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $625, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * *
(3) CHILD DEFINED.--For purposes of paragraph (1) (B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer.↩